**COMBS, Ex parte, In re: Petitioner.**

Common Pleas Court, Hamilton County.

No. A-161824.   Decided February 17, 1958.

Hoover, Beall, Whitman & Eichel, for petitioner.
Robert Taft, for respondent.
Robert W. Hilton, for adoptive parents.

**OPINION**

By KOHNEN, J.:

This is a proceeding in habeas corpus brought by the petitioner, Frank Roger Combs, for the custody of his son, Donald Combs, a minor now twelve months of age.   The petitioner says that he is unlawfully

deprived of the custody of his son by The Children's Home, whose institution is located at 5054 Madison Road, Cincinnati, Ohio, and that the said child is temporarily residing in the residence of persons whose true names are unknown to the petitioner and that the infant had been placed in this residence by the said Children's Home.

The respondent herein, The Children's Home of Cincinnati, Ohio, admits that it has the said Donald Sweeney Combs, a minor, in its custody and that its custody is justified and lawful.

The facts in this case, all of which are either stipulated or are in no substantial dispute, are as follows:

Donald Sweeney Combs was born on January 4, 1957, at The Children's Home (Maple Knoll Hospital), Cincinnati, Hamilton County, Ohio; Jean Sweeney, age twenty, the mother of the child was unmarried. On January 9, 1957, Jean Sweeney, as mother and sole parent of Donald Sweeney Combs, surrendered permanent custody of her child, Donald, to the respondent herein by signing and executing a form prescribed by the Division of Social Administration, Department of Public Welfare of Ohio. (Exhibit 2.)

On February 6, 1957, the parents of Jean Sweeney, namely, Joe Sweeney, father, and Elizabeth Sweeney, mother, signed their written consent to The Children's Home of Cincinnati, Ohio, to place the infant, Donald Sweeney, for adoption. (Exhibit 3.)

On February 8, 1957, The Children's Home of Cincinnati, Inc., accepted the permanent surrender and the child was placed in an adoptive home on February 12, 1957.

It is also stipulated that The Children's Home of Cincinnati, Ohio, herein, is an institution certified by the Division of Social Administration, Ohio Department of Welfare, under §5103.3 R. C., to accept temporary and permanent surrenders of custody.

There is no evidence of fraud or misrepresentation concerning these proceedings.

It appears from the evidence that the petitioner, Frank Rogers Comb, age twenty-two, entered into the United States Marine Corps on February 15, 1954, and was released on February 15, 1957, with a rating of Sergeant and that he started keeping company with Jean Sweeney while he was on leave from the Marine Corps, after he came home from overseas service.

Jean Sweeney corresponded regularly with the petitioner, Frank Roger Combs, while he was in the service and that after the petitioner was informed that Jean Sweeney was going to have a baby there was a break in their relations and some tension existed between them; that this break in their relationship and tension continued to exist until the petitioner came back from the service shortly after the 15th of February.

The evidence further discloses that Jean Combs was a resident of Simpson, Kentucky, which is about one hundred miles southeast of Lexington, Kentucky, and that Frank Rogers Combs lived within two miles of the same area; that on March 9, 1957, he married Jean Sweeney, the mother of Donald, at Jack, Breathitt County, Kentucky, the county seat in which the parties lived.

At the time of the hearing of this matter Frank and Jean Combs lived at 112 Ewing Street, Dayton, Ohio, where he is employed by the McCall Corporation as a packer, receiving a salary of $100.00 per week.

On November 29, 1957, the Chief of Vital Statistics Division certified a photostatic copy of the original Certificate of Birth of Donald Sweeney Combs.

Counsel for the undisclosed adoptive parents appeared before the Court for oral argument and submitted a memorandum, along with other interested parties (amicus curiae).

A secondary issue is presented by the petitioner concerning "the welfare of the child and the fitness of those seeking its custody."

In re Hock, 55 Abs pages 79 and 80, referred to in the petitioner's reply memorandum, fully and correctly states the importance of the rights of the natural parents and this Court concurs with the legal and human concept that:

"The natural parents of a child have a permanent right to its custody and care * * *."

and that:

"A human life is the subject of consideration here, not merely the temporary custody of a baby."

However, the question concerning the fitness and suitability of either the natural or adoptive parents is not the controlling issue to be decided here. The issue to be determined by this Court is the right of a natural father to obtain custody of his child when the child's unmarried mother had surrendered permanent custody of the child to a certified institution in compliance with §5103.15 R. C., where the mother and father marry subsequent to the execution of the permanent surrender of custody.

It is the contention of the petitioner concerning this question that the marriage on March 9, 1957, between Frank Combs and Jean Sweeney, in addition to making their child, Donald, legitimate, also made the Permanent Surrender of Child Agreement executed January 9, 1957, ineffective in that said agreement was not signed by the child's father, the petitioner herein.

Memorandum and reply memorandum of petitioner, memorandum of the respondent, and memoranda amicus curiae (four in number) argue this question and the rights of natural parents, etc., at great length. So far as counsel or the Court have been able to determine this question of surrender of child by a sole parent appears to be one of first impression.

As the Court sees it the legitimacy of the child, although established by law, is not to be determined here.

All the decisions by the Courts over many years concerning this subject decide the question on the grounds of what is for the best interests of the child, fitness and suitability of those seeking custody and question of descent and distribution.

In re Swentosky, 25 Abs 601; 10 O. O. 150; In re Frinzl, 152 Oh St 164; French v. Catholic League, et al, 24 O. O. 176.

In Davis v. Sears, 35 S. W. (2d) 99 (Texas Commission of Appeals),

the best interests of the child was the determining factor concerning its custody. However, the Court does hold that:

"The mother, at the time, had exclusive right to relinquish authority over the child, though child was afterwards legitimatized by marriage of parents."

The **Kozak case, 164 Oh St 335,** in a habeas corpus proceedings, covers this situation but is distinguishable, holding that a permanent surrender by **both parents** is irrevocable and

"* * * where permanent surrender has been made in compliance with the latter (§5103.15 **R. C.**) the institution to which the surrender is made is permanently in loco parentis so far as the minor children and their parents are concerned."

A number of sections of the Ohio Revised Code are referred to. **Sec. 2105.18 R. C.,** provides:

"When a man has children by a woman and afterwards intermarries with her, such issue * * * will be legitimate."

**Sec. 3705.15 R. C.,** provides for a "new birth certificate when illegitimate child becomes legitimate."

**Sec. 2151.28 R. C.,** refers to proceedings in the Juvenile Court and **§3107.06 R. C.,** covers proceedings for adoption in the Probate Court.

The interpretation of §5103.15 **R. C.,** settles the issue in this case. This section reads as follows:

"The parents, guardian, or other persons having the custody of a child, may enter into an agreement with any association or institution of this state established for the purposes of aiding, caring for, or placing children in homes, which has been approved and certified by the division of social administration, whereby such child is placed in the temporary custody of such institution or association; or such parent, guardian, or other person may make an agreement surrendering such child into the permanent custody of such association or institution, to be taken and cared for by such association or institution, or placed in a family home.

"Such agreements, provided for in this section, shall be in writing, on forms prescribed and furnished by the division, and may contain any proper and legal stipulations for proper care of the child, and may authorize the association or institution when such agreements are for permanent care and custody to appear in any proceeding, for the legal adoption of such child, and consent to its adoption, as provided in §3107.06 **R. C.** The adoption order of the judge made upon such consent shall be binding upon the child and its parents, guardian, or other person, as if such persons were personally in court and consented thereto, whether made party to the proceeding or not."

On January 9, 1957, the then Jean Sweeney, pursuant to §5103.15 **R. C.,** performed a legal act when she signed and executed the permanent surrender of custody of her son Donald.

On March 9, 1957, Jean Sweeney married Frank R. Combs, the petitioner herein, the father of Donald Combs. This marriage made Donald Sweeney Combs a legitimate child as of the date of his birth January 4, 1957, pursuant to the Revised Code of Ohio.

In construing that part of §5103.15 **R. C.,** which reads as follows:

"Such **parent,** guardian, or other person may make an agreement

462

surrendering such child into the permanent custody of such association or institution, * * *." (Emphasis added.)
the word "such parent" apply to the mother of Donald Combs and place her in the category of "such parent" as distinguished between the first part of this section of the Revised Code which refers to placing a child in the "temporary" custody of such association or institution.

When Jean Sweeney came to Frank Combs in marriage on March 9, 1957, she had by her previous action legally disposed of her right to custody of the child and her act terminated the legal relationship between the natural parents and the child. Although the Court concurs with the sincere and human sentiments concerning the right of natural parents to the custody of their children, the Court finds that Frank R. Combs, the petitioner, has no legal right to disaffirm or revoke the written agreement of permanent surrender of custody of child executed on January 9, 1957.

The writ is denied.

An entry may be presented accordingly.