In re Rule et al.

[Cite as In re Rule, 1 Ohio App. 2d 57.]

(No. 1543—Decided April 18, 1963.)

*Messrs. Ross, Sautter & Lett,* for appellant Inez Phillips Rule.

*Mr. John D. Sears, Jr.,* prosecuting attorney, and *Mr. Robert L. Brown,* for other parties.

Guernsey, J. This appeal is now before us on the written motion of Fred J. Rule to dismiss the appeal for the stated reasons (1) that it is not from a final appealable order and (2) that no bill of exceptions has been filed upon which to base the appeal, and upon the oral motion of the appellant, Inez Phillips Rule, to strike the motion of Fred J. Rule for the stated

reason that he is not a party to the appeal. We will first consider the latter of these motions.

The actions of the Juvenile Court of Crawford County which the appeal involves are those set forth in two journal entries of judgment which were filed, and read, in pertinent part, as follows:

"October 2, 1961.

"* * * the Judge having heard the evidence and being fully advised in the premises, finds that said children are within the provisions of the Juvenile Court Code of the State of Ohio and are neglected children as alleged in the complaint filed herein.

"It is therefore ordered that, until the further order of the court, said children be placed in the continued custody of their mother, Inez Phillips Rule, on the following terms, to wit: that children are required to be returned to Crawford County, arrangements have been made to return them and they are to be reinstated in the Mt. Zion School; that the father is to pay the sum of $40.00 per week for their support, beginning on the day said children are returned. The mother has assured us that the children will be given good and adequate care, and this order is made as a temporary arrangement, and this case is continued, and children shall continue within the jurisdiction of the court until the further order of this court; and that final judgment, or commitment to any other place, person or institution, is hereby stayed and suspended."

"September 25, 1962.

"Whereas, on the 2nd day of October, 1962 [*sic*], in the above entitled case, the children herein named were adjudged by the court to be neglected children as alleged in the complaint filed therein and were placed in the custody of mother, Inez Phillips Rule to be returned to Crawford County and reinstated in Mt. Zion School; and the court finds that said children have been taken without jurisdiction of Crawford County and that they have been in Erie County; and whereas, it now appearing to the court that it is for the best interest of said child that the former order of the court be re-examined.

"It is hereby ordered that said children be returned to Bucyrus in Crawford County, Ohio, and that they be entered in school in Crawford County, Ohio, on or before Monday, October 8, 1962, and that they be returned by the mother to the home

of their brother, Robert Rule, at Wallace Ave., in Bucyrus, Ohio.

"It is further ordered that the father, Fred J. Rule, pay support for said children in the home of Robert Rule at the rate of $15.00 per week per child plus clothing and medical.

"* * * *."

The notice of appeal states that the appeal is from the latter judgment.

Neither the judgment of October 2, 1961, nor that of September 25, 1962, purport to commit, as provided by Section 2151.38, Revised Code, any child "to the Boys' or Girls' Industrial School, or to the Ohio State Reformatory, or to the permanent custody of the Department of Public Welfare, or to the division of social administration in said department, or to a county department of welfare which has assumed the administration of child welfare, county child welfare board, or certified organization," and, therefore, under the provisions of this statute the commitments made "shall be temporary and shall continue for such period as designated by the court in its order, or until terminated or modified by the court, or until a child attains the age of twenty-one years."

The only right or obligation of parenthood which Fred J. Rule lost by virtue of the original order of October 2, 1961, was a right of custody temporarily. Under the provisions of Section 2151.28, Revised Code, he could not lose his right of custody permanently without being given notice of a hearing for such purpose and being permitted to appear. In our opinion he was a party to the original proceedings wherein the children were found neglected and temporary custody given to the mother and, since he had not been deprived of permanent custody of the children, he was likewise a party to the subsequent proceedings purporting to modify the temporary custody.

Being a party to the proceedings from which arose the order appealed, he became a party appellee, entitled to appear in the appeal, and entitled to move to dismiss the appeal. For these reasons we find the motion of appellant to strike the motion of Fred J. Rule to dismiss the appeal not well taken.

Coming now to consider the motion to dismiss the appeal, we first consider whether the judgment of September 25, 1962, constitutes a final appealable order. By *In re Masters*, 165 Ohio St., 503, the Supreme Court held on October 24, 1956,

citing and approving *In re Hock*, 55 Ohio Law Abs., 73, that the appealability of orders of Juvenile Courts with respect to "neglected" children was determined under Section 6, Article IV of the Ohio Constitution in the form in which it existed prior to its 1944 amendment, independently of statutory provision. Although the 1944 amendment gave the General Assembly power, within the limitations set forth therein, to fix appellate jurisdiction of the Courts of Appeals, until the General Assembly acted appellate jurisdiction continued to be predicated upon the jurisdiction prevailing under the Constitution prior to the amendment.

However, on October 4, 1955 (apparently after the proceedings in the *Masters case* had been initiated), the Legislature carried out its authority under the 1944 amendment and the following provision of Section 2501.02, became effective:

"* * * In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district, *including the finding, order or judgment of a Juvenile Court that a child is delinquent, neglected or dependent*, for prejudicial error committed by such lower court." (Emphasis added.)

It is clear from this statute that if this appeal involved solely a determination that a child is neglected then the same would constitute a final appealable order. However, the judgment or order herein appealed is one which modifies an earlier temporary custody order entered concurrent with a finding of neglect. Although the Juvenile Court has original jurisdiction to determine the custody of any child not a ward of another court, which jurisdiction may, in an appropriate case, be exercised without a finding of neglect (see Section 2151.23, Revised Code, and *In re Torok*, 161 Ohio St., 585), the temporary custody order, and the modification thereof, here involved, did not arise in the exercise of such original jurisdiction but arose instead under the provisions of Section 2151.35, Revised Code, prescribing the disposition to be made when the court finds that a child is neglected. Under such circumstances it is our opinion that the temporary custody order and any modification thereof

are as inextricably a part of, incidental to, and in implementation of the judgment or order finding the child neglected, as a sentence in a criminal case is related to a judgment of conviction.

It is therefore our opinion that the order of September 25, 1962, modifying the temporary custody order of October 2, 1961, entered in disposition of a finding that the children herein were neglected, constitutes a final appealable order under the provisions of Section 2501.02, Revised Code.

As to the claim of Fred J. Rule that the appeal should be dismissed for the reason that no bill of exceptions has been filed, we will assume, for the purposes of this claim, without deciding, that the document filed herein on December 31, 1962, purporting to be a narrative bill of exceptions does not, in fact or in law, constitute a bill of exceptions. The failure to file a bill of exceptions is ordinarily not a ground for dismissal of an appeal for such failure is not jurisdictional. If an appeal has been properly perfected by filing a notice of appeal from a final appealable order within the time required by law the Court of Appeals has jurisdiction to proceed and, even without a bill of exceptions, may consider such assignments of error as may be demonstrated by the record without resort to a bill of exceptions. If the only errors assigned may be portrayed only by resort to a bill of exceptions, and one has not been filed, then, rather than dismiss the appeal, the appellate court must affirm the judgment by reason of the failure of the appellant to affirmatively show prejudicial error. We may not, therefore, even on the assumption that no bill of exceptions has been herein filed, dismiss the appeal for such reason.

We conclude, therefore, that the motion of Fred J. Rule to dismiss the appeal is not well taken on either of the assigned grounds and must be overruled.

*Motions overruled.*

MIDDLETON, P. J., and YOUNGER, J., concur.