MORRISON, APPELLEE, *v.* MORRISON, APPELLANT.

[Cite as Morrison v. Morrison (1973), 45 Ohio App. 2d 299.]

(No. 7156—Decided July 11, 1973.)

*Mr. John L. Wolfe,* for appellant.
*Mr. Marvin A. Shapiro,* for appellee.

MAHONEY, J. On November 21, 1972, David Morrison (appellee), filed a complaint in the juvenile division of the Court of Common Pleas of Summit County. He indicated his residence to be in Summit County, and requested the court to award him, as the natural father, the care, custody and control of his two children, David, age 9, and Lisa, age 5. He alleged that the defendant, Joan M. Morrison (appellant), the natural mother, resides in the state of Indiana.

The court ordered service by publication, and certified mail upon Joan M. Morrison. She appeared, without counsel, at the hearing held December 19, 1972. The court, at that time, made the following order, which was not journalized until January 31, 1973:

"It is hereby the order of the court that the temporary care, custody and control of said minor children be awarded to the plaintiff father pending any further action taken by this court."

On January 12, 1973, the defendant, through her attorney, filed a motion, with affidavits, requesting an order dismissing the complaint for a lack of jurisdiction over the subject matter (the children), and over the person of the defendant mother. The trial court, by journal entry dated February 2, 1973, overruled the motion. The defendant

has appealed, assigning as error the court's order of January 31, 1973, and the order of February 2, 1973, determining that the court had jurisdiction over the defendant and the subject matter.

While the issue has not been raised by the plaintiff, this court has the inherent power to raise the issue as to its own jurisdiction. We must determine if the order of January 31, 1973, was a "final appealable order."

It is axiomatic that the mere physical presence of the children gave the court jurisdiction to hear the complaint, under R. C. 2151.23(A)(2). Juvenile Rule 13 provides for the issuance of temporary orders pending a hearing on the complaint, and Juvenile Rule 29 contemplates an adjudicatory hearing at which the court shall make certain determinations and orders under Juvenile Rule 29(F). Such a hearing, as defined in Juvenile Rule 2 (1), means:

"* * * a hearing to determine whether a child is a juvenile traffic offender, delinquent * * * *or otherwise within the jurisdiction of the court* * * *." (Emphasis added.)

Juvenile Rule 34 contemplates a dispositional hearing following the adjudicatory hearing. We must construe the rules in *para materia*, and the only way the language employed in the order of January 31, 1973, can be construed is that it is a temporary order under Juvenile Rule 13, or Juvenile Rule 29 and, obviously, less than a dispositional order under Juvenile Rule 34.

We find that we are without jurisdiction as we do not have a "final appealable order" before the court. We, therefore, dismiss the appeal and remand the matter to the juvenile division of the Court of Common Pleas for further proceedings according to law.

*Appeal dismissed.*

BRENNEMAN, P. J., and DOYLE, J., concur.

DOYLE, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.