**In re SMITH et al., Appellees,**

**v.**

**LUCAS COUNTY CHILDREN SERVICES BOARD, Appellant.**

[Cite as *In re Smith* (1989), 61 Ohio App.3d 788.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–112.

Decided June 5, 1989.

*Paula S. Crandall,* for appellees.

GLASSER, Judge.

This matter is before the court pursuant to appellees' motion to dismiss the instant appeal. Appellees, Ward Smith, Sr. and Vicky Smith, have moved for dismissal on the ground that the judgment entry appealed from is not a final appealable order.

Appellant, the Lucas County Childrens Services Board, filed a timely notice of appeal from a March 10, 1989 judgment entered by the Lucas County Court of Common Pleas, Juvenile Division. The judgment entry provided, *inter alia:*

"This matter having been before the Court on objections on January 3, 1989, the Court being fully advised in the premises makes the following Order, to wit: It is therefore ORDERED, ADJUDGED AND DECREED that Lucas

County Juvenile Court accepts transfer. Temporary Custody of Richard, Ward, Forrest, Dawn, Maurice and Ronald Smith is awarded to the Lucas County Childrens Services Board pending final dispositional hearing."

Appellees correctly contend that the above order, granting temporary custody of the Smith children to appellant, was entered pursuant to an adjudicatory hearing held under Juv.R. 29, by the Ottawa County Court of Common Pleas, Juvenile Division. Appellees also assert that the Lucas County entry merely changed temporary custody from the Ottawa County Board of Human Services to appellant, pending a final dispositional hearing, and, citing R.C. 2501.02 and 2505.02, that such order is not final and appealable.

Our analysis of the facts and circumstances in the case *sub judice* indicates that R.C. 2501.02 is controlling and that the judgment entry of the Lucas County Court of Common Pleas, Juvenile Division, is a final and appealable order. R.C. 2501.02 provides, in relevant part:

"In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court [of appeals] shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court."

The Supreme Court of Ohio was confronted with a similar issue when it decided *In re Becker* (1974), 39 Ohio St.2d 84, 68 O.O.2d 50, 314 N.E.2d 158. In *Becker*, the court held that absent a finding that a child is delinquent, an order by a juvenile court, pursuant to R.C. 2151.26, transferring a child to the court of common pleas for criminal prosecution, is not a final appealable order. *Id.* at 86, 68 O.O.2d at 51, 314 N.E.2d at 159. More specifically, the court held that an order of transfer was not appealable pursuant to R.C. 2501.02 without a finding that the child was delinquent, neglected, or dependent. *Id.* In the case *sub judice*, the Smith children were adjudged neglected and dependent by the Ottawa County Court of Common Pleas, Juvenile Division:

"The Court finds that Richard Smith, Ward Smith, Jr., Forrest Smith, Dawn Smith, Maurice Smith, and Ronald Smith are neglected and dependent children as alleged in the amended complaint. This matter is ordered transferred to the Lucas County Juvenile Court [pursuant to Juv.R. 11(A)] for dispositional hearing because the parents currently reside in Lucas County. * * * Pending further order, the children shall remain in the temporary custody of the Ottawa County Department of Human Services."

Appellees admit that the order of the Lucas County court was, essentially, merely a change in temporary custody pending the final dispositional hearing. Following the analysis set forth by *In re Rule* (1963), 1 Ohio App.2d 57, 30 O.O.2d 76, 203 N.E.2d 501, such modification is also, even absent the transfer issue, a final appealable order.

"It is clear from this statute that if this appeal involved solely a determination that a child is neglected then the same would constitute a final appealable order. However, the judgment or order herein appealed is one which modifies an earlier temporary custody order entered concurrent with a finding of neglect. Although the Juvenile Court has original jurisdiction to determine the custody of any child not a ward of another court, which jurisdiction may, in an appropriate case, be exercised without a finding of neglect * * *, the temporary custody order, and the modification thereof, here involved, did not arise in the exercise of such original jurisdiction but arose instead under the provisions of Section 2151.35, Revised Code, prescribing the disposition to be made when the court finds that a child is neglected. Under such circumstances it is our opinion that the temporary custody order and any modification thereof are as inextricably a part of, incidental to, and an implementation of the judgment or order finding the child neglected, as a sentence in a criminal case is related to a judgment of conviction.

"It is therefore our opinion that the order * * * modifying the temporary custody order * * *, entered in disposition of a finding that the children herein were neglected, constitutes a final appealable order under the provisions of Section 2501.02, Revised Code." *Id.* at 60, 30 O.O.2d at 78, 203 N.E.2d at 504.

The case *sub judice* differs from *Morrison v. Morrison* (1973), 45 Ohio App.2d 299, 74 O.O.2d 441, 344 N.E.2d 144, cited by appellees, in that in *Morrison* the temporary custody order was made absent any determination of delinquency, neglect, abuse or dependency. Accordingly, considering the temporary ruling set forth in *Morrison*, the Summit County Court of Appeals found itself to be without jurisdiction to consider an appeal.

Appellees cite *In re Patterson* (1984), 16 Ohio App.3d 214, 16 OBR 229, 475 N.E.2d 160, for the proposition that "a further dispositional order continuing an original temporary custody order, issued pursuant to Juv.R. 34, constitutes a final appealable order." Appellees assert that no order pursuant to Juv.R. 34 has been issued in the instant case. We find that appellees have correctly stated the law as set forth by *Patterson*; however, we fail to find that the holding forecloses an appeal taken subsequent to a Juv.R. 29 adjudicatory hearing.

Finally, we note that the issues in this appeal involve significantly more than a change of venue. Had there been no adjudication of dependency by Ottawa County, prior to the transfer to Lucas County, the judgment entry accepting such transfer would not be a final appealable order. See, *e.g.*, *State, ex rel. Starner, v. DeHoff* (1985), 18 Ohio St.3d 163, 165, 18 OBR 219, 221, 480 N.E.2d 449, 451.

Accordingly, we find appellees' motion to dismiss the instant appeal not well-taken and same is, hereby, denied. It is so ordered.

*Motion denied.*

HANDWORK, P.J., and CONNORS, J., concur.