IN RE MURRAY ET AL.
IN RE MILLER.
IN RE BLACKBURN CHILDREN.

[Cite as In re Murray (1990), 52 Ohio St. 3d 155.]

(Nos. 89-523 and 89-525—Submitted March 13, 1990—Decided July 3, 1990.)

*Gutierrez & Mackey Co., L.P.A.,*
*John N. Mackey* and *Kathleen O.*
*Tatarsky,* for appellant Connie Murray
Hardman.

*Marla L. Mitchell,* for appellants
Yvonne Miller, Kelly Blackburn and
Quentin Blackburn, Sr.

*Robert D. Horowitz,* prosecuting
attorney, and *Ronald Mark Caldwell,*
for appellee.

STEPHENSON, J. Section 3(B)(2),
Article IV of the Ohio Constitution
provides, *inter alia,* that courts of ap-
peals "shall have such jurisdiction as
may be provided by law to review and
affirm, modify, or reverse judgments
or final orders of the courts of record
inferior to the court of appeals within
the district * * *."

R.C. 2501.02 provides, *inter alia,*
as follows:

"In addition to the original
jurisdiction conferred by Section 3 of
Article IV, Ohio Constitution, the
court shall have jurisdiction:

"Upon an appeal upon questions of
law to review, affirm, modify, set
aside, or reverse judgments or final
orders of courts of record inferior to
the court of appeals within the district,
*including the finding, order, or judg-
ment of a juvenile court that a child is
delinquent, neglected, abused, or depen-
dent, for prejudicial error committed
by such lower court.*" (Emphasis
added.)

The issue posited for review herein
is whether a finding of child neglect or
dependency, coupled with a temporary
commitment of that child to the
custody of the department of human
services pursuant to R.C. 2151.353(A)
(2), is a final order sufficient to invoke

appellate jurisdiction of the court of appeals.

A "final order" is defined, *inter alia,* in R.C. 2505.02 as "[a]n order that affects a *substantial right* in an action which in effect *determines the action* and prevents a judgment * * *." (Emphasis added.)

The United States Supreme Court has stated that the right to raise one's children is an "essential" and "basic civil right." See *Stanley* v. *Illinois* (1972), 405 U.S. 645, 651; *Meyer* v. *Nebraska* (1923), 262 U.S. 390, 399. Parents have a "fundamental liberty interest" in the care, custody, and management of the child. *Santosky* v. *Kramer* (1982), 455 U.S. 745, 753. Further, it has been deemed "cardinal" that the custody, care and nurture of the child reside, first, in the parents. *H.L.* v. *Matheson* (1981), 450 U.S. 398, 410; *Quilloin* v. *Walcott* (1978), 434 U.S. 246, 255; *Stanley, supra,* at 651; *Prince* v. *Massachusetts* (1944), 321 U.S. 158, 166.

Similarly, this court has long stated that parents who are suitable persons have a "paramount" right to the custody of their minor children. *In re Perales* (1977), 52 Ohio St. 2d 89, 97, 6 O.O. 3d 293, 297, 369 N.E. 2d 1047, 1051-1052; *Clark* v. *Bayer* (1877), 32 Ohio St. 299, 310. Numerous reported decisions demonstrate that this principle has become the foundation for child custody cases faced by lower courts. See, *e.g., In re Fassinger* (1974), 43 Ohio App. 2d 89, 91-92, 72 O.O. 2d 292, 294, 334 N.E. 2d 5, 8; *In re Massner* (1969), 19 Ohio App. 2d 33, 39-40, 48 O.O. 2d 31, 35, 249 N.E. 2d 532, 536; *In re DeVore* (1959), 111 Ohio App. 1, 3, 13 O.O. 2d 376, 377, 167 N.E. 2d 381, 382; *In re Duffy* (1946), 78 Ohio App. 16, 18, 33 O.O. 381, 382, 68 N.E. 2d 842, 843-844; *Ex Parte Combs* (C.P. 1958), 77 Ohio Law Abs. 458, 460, 150 N.E. 2d 505, 507; *In re Zerick* (J.C. 1955), 74 Ohio Law Abs. 525, 530, 57

O.O. 331, 333, 129 N.E. 2d 661, 665; *In re Routa* (P.C. 1955), 71 Ohio Law Abs. 574, 576, 2 O.O. 2d 80, 130 N.E. 2d 453, 454; *In re Swentosky* (P.C. 1937), 25 Ohio Law Abs. 601, 602, 10 O.O. 150, 151, 1 Ohio Supp. 37, 38. Accordingly, it is manifest that parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a "substantial right" for purposes of applying R.C. 2505.02.

As aforesaid, however, in order to be final and appealable the temporary custody order must also, in effect, determine the action and prevent a judgment. Initially, we note that the designation of the custody award as "temporary" is not controlling. Generally, the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature. *Harvey* v. *Cincinnati Civil Serv. Comm.* (1985), 27 Ohio App. 3d 304, 305, 27 OBR 360, 362, 501 N.E. 2d 39, 41; *Systems Construction, Inc.* v. *Worthington Forest, Ltd.* (1975), 46 Ohio App. 2d 95, 96, 75 O.O. 2d 79, 80, 345 N.E. 2d 428, 429.

Appellants contend that the effect of such a custody order is to terminate the action because such order can, and does, last for a considerable period of time. Ample support is lent to this argument by reviewing the record in No. CA-7575, *In re Murray.* Therein, Cassie Murray was designated as having been one and a half years old on October 17, 1986, when temporary commitment was first made to SCDHS following the filing of its complaint. It took nineteen months for a court determination to be made that "temporary custody" would remain with SCDHS. The result is that, by now, Cassie has spent more than two-thirds of her young life in the "temporary custody" of SCDHS. Moreover, there

was no requirement at that time that SCDHS ever seek permanent custody and, theoretically, such "temporary custody" could have continued indefinitely.

Admittedly, such a result is no longer possible due to the sweeping reforms made to the juvenile court system effective January 1, 1989. See Am. Sub. S.B. No. 89 (142 Ohio Laws, Part I, 198 *et seq.*). Among other things, R.C. 2151.353 was amended to include a new subdivision (F), which provides as follows:

"Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section."

Pursuant to the newly enacted R.C. 2151.415(A)(6), (D)(1) and (D)(2), the agency which has been granted temporary custody may request two extensions, up to six months each, on the original temporary custody order. However, pursuant to R.C. 2151.415 (D)(4), no more than two extensions of the temporary custody order may be given. In sum, therefore, a temporary custody order will terminate in a maximum of two years from the earlier of the date the complaint was first filed or the date which the child was first placed into shelter care.

Although the law now provides for a set expiration of a temporary custody order, there is still no assurance that an original adjudication of neglect or dependency would ever be reviewable were this court to deny a parent's ability to immediately appeal such a finding. There is no requirement

that the agency having custody of the child be required to seek permanent custody. If the agency fails to seek permanent custody and the temporary order remains in effect, the parent is without remedy to attempt to demonstrate errors in the initial juvenile proceedings which resulted in the loss of custody. Even if the court eventually terminates the temporary custody order and returns the child to his or her parents pursuant to R.C. 2151.415, the initial determination of neglect or dependency will not then be in issue.

Moreover, if the agency were to seek permanent custody of the child, R.C. 2151.414(A) provides, *inter alia,* as follows:

"The adjudication that the child is an abused, neglected, or dependent child and the grant of temporary custody to the agency that filed the motion *shall not be readjudicated* at the hearing and shall not be affected by a denial of the motion for permanent custody." (Emphasis added.)

In effect, a parent would be denied the opportunity of appellate review of the trial court's finding of neglect or dependency until such time, if ever, as an award of permanent custody is made to the agency. In that event, it is likely that the situation of the child would be markedly different from that time when temporary custody was initially awarded to the agency.

The express grant of jurisdiction in R.C. 2501.02 to the court of appeals to review "the finding, order or judgment of a juvenile court that a child is delinquent, neglected or dependent * * *" was enacted in 1955. See Am. S.B. No. 71 (126 Ohio Laws 56). The court below deemed it important that the statutory and rule requirement of bifurcated hearings did not then exist. Such bifurcated hearings were first statutorily required in 1969. See Am. Sub. H.B.

No. 320 (133 Ohio Laws, Part II, 2040, 2061); cf. Juv. R. 29 and 34, respectively, on the treatment of adjudicatory and dispositional hearings. In that legislation, R.C. 2151.353 was enacted, which regulated disposition following an adjudication of neglect or dependency and authorized the grant of temporary custody to an agency. *Id.* at 2063.

Significantly, the General Assembly, which is presumed to be aware of the broad review authority in R.C. 2501.02 respecting neglect and dependency proceedings, see *State, ex rel. Pugh,* v. *Brewster* (1886), 44 Ohio St. 249, 6 N.E. 653, did not exempt temporary custody dispositions from the review authority granted in R.C. 2501.02. We additionally note that R.C. 2501.02 was amended by Am. Sub. H.B. No. 412, effective March 17, 1987 (see 141 Ohio Laws, Part II, 3563, 3595), to delete obsolete provisions respecting law and fact appeals, but the review authority of courts of appeals respecting adjudications that a child was delinquent or neglected was left intact. If the General Assembly intended to exempt temporary custody dispositions from the grant of review authority to courts of appeals, it would have manifested that intention. Thus, we conclude that a finding of neglect or dependency followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) is an order which, in effect, determines the action.

In concluding that an adjudication of neglect or dependency followed by an award of temporary custody of a public children services agency was interlocutory in nature, the court below considered, *inter alia,* the scheme of permanency planning now required by federal and state law, the factor of judicial economy, the delay engendered by such appeals, and the interference with the ongoing delivery of appropriate and necessary services for the health, care, protection, and maturation of children. Additionally, the court relied upon the prior decision of this court in *In re Becker* (1974), 39 Ohio St. 2d 84, 68 O.O. 2d 50, 314 N.E. 2d 158, which held that an order of the juvenile court waiving jurisdiction of a child alleged to have committed a felony to an adult court was interlocutory. The court found further support in *In re Bolden* (1973), 37 Ohio App. 2d 7, 66 O.O. 2d 26, 306 N.E. 2d 166, where the Court of Appeals for Allen County held that a finding of delinquency and commitment to the temporary custody of the Ohio Youth Commission was interlocutory; and in *In re Holmes* (1980), 70 Ohio App. 2d 75, 24 O.O. 3d 93, 434 N.E. 2d 747, where the Court of Appeals for Hamilton County held that a juvenile court adjudication which orders restitution, but defers the amount and method of payment, was also interlocutory.

It is our conclusion that while these are relevant considerations, we deem them outweighed by the rights of parents who have been deprived of the custody of children to appellate review to determine if such deprivation meets the requirements justifying such deprivation.[2]

---

[2] The court below appears to stand alone in its holding that an adjudication of neglect or dependency followed by a disposition awarding temporary custody to a public children services agency is not a final order sufficient to invoke the jurisdiction of the court of appeals. While the court below concluded that *Morrison* v. *Morrison* (1973), 45 Ohio App. 2d 299, 74 O.O. 2d 441, 344 N.E. 2d 144, supports its holding,

With respect to delays occasioned by a holding that an adjudication of neglect or dependency followed by a disposition awarding temporary custody to an agency is appealable, it is to be noted that R.C. 2151.412(D) mandates that the dispositional order set forth the reunification case plan. When a case is appealed to the court of appeals, the trial court retains jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify or affirm the judgment. See *State, ex rel. Special Prosecutors,* v. *Judges* (1978), 55 Ohio St. 2d 94, 97, 9 O.O. 3d 88, 90, 378 N.E. 2d 162, 165; *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E. 2d 657, at paragraph two of the syllabus. Since implementation of the case plan would not be inconsistent with appellate jurisdiction, implementation of the plan could proceed during the pendency of the appeal. Further, when an appeal of the nature here considered is taken, App.

R. 7(C) provides, *inter alia,* that "[a]ppeals concerning a dependent, neglected, unruly, or delinquent child shall have precedence over all other cases in the court to which the appeal is taken."

The Court of Appeals for Trumbull County in *In re Becker* (Mar. 9, 1984), No. 3301, unreported, concluded as follows:

"We feel that a custodial order emanating from an adjudicatory hearing is a final appealable order because it is a judgment which mandates that parents comply with the directives of third parties for a potentially considerable period of time. A contrary opinion would leave parents without the possibility of review of such custodial order by a higher tribunal for a possible lengthy time period. In this sense, it is a determination of the action because an appeal at a later date will not be able to reverse the course of action already completed. It hardly

---

*Morrison* is readily distinguishable in that it did not involve a neglect or dependency proceeding, but rather involved a custody dispute between parents which proceeded under jurisdiction granted in R.C. 2151.23(A)(2), the court holding no dispositional order had been entered.

A seminal case, frequently cited, is *In re Rule* (1963), 1 Ohio App. 2d 57, 30 O.O. 2d 76, 203 N.E. 2d 501, wherein the court held that an order modifying a previously entered temporary custody order which was made in disposition of a finding that a child is neglected constitutes a final appealable order pursuant to the provisions of R.C. 2501.02, stating therein that a "temporary custody order and any modification thereof are * * * inextricably a part of, incidental to, and in implementation of the judgment or order finding the child neglected * * *." *Id.* at 60-61, 30 O.O. 2d at 78, 203 N.E. 2d at 504. *In re Rule* was followed in *In re Patterson* (1984), 16 Ohio App. 3d 214, 16 OBR 229, 475 N.E. 2d 160, the *Patterson* court holding that a further

dispositional order continuing an original temporary custody order, issued pursuant to Juv. R. 34, constituted a final appealable order.

In the following cases, courts of appeals reviewed, on the merits, appeals arising from adjudications of neglect, dependency or abuse followed by an award of temporary custody: *In re Willmann* (1986), 24 Ohio App. 3d 191, 24 OBR 313, 493 N.E. 2d 1380; *In re Boyce* (1987), 37 Ohio App. 3d 105, 523 N.E. 2d 900; *In re Bibb* (1980), 70 Ohio App. 2d 117, 24 O.O. 3d 159, 435 N.E. 2d 96. While a jurisdictional issue was not raised in these appeals by the parties, given the admonition of this court in *Whitaker-Merrell* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184, 186, 58 O.O. 2d 399, 400, 280 N.E. 2d 922, 924, that courts of appeals should *sua sponte* dismiss appeals which are not from appealable judgments or orders, these courts implicitly concluded that their jurisdiction had been properly invoked by appeals from final orders.

need be said that the right of a parent to raise his or her children is a substantial right. It is also the manifest importance of this right which makes this holding necessary despite the problems that may be presented by duplicative or redundant appeals."

We agree. Thus, we hold that an adjudication that a child is neglected or dependent, followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a "final order" for purposes of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02.

Accordingly, the judgment of the court below is reversed in case Nos. CA-7575 and No. CA-7634 and remanded to the court of appeals for review on the merits. The judgment is affirmed as to case No. CA-7636. (See fn. 1.)

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in the syllabus and judgment.

EARL E. STEPHENSON, J., of the Fourth Appellate District, sitting for WRIGHT, J.

DOUGLAS, J., concurring in syllabus and judgment. I concur in the judgment and syllabus of the majority but do so for reasons different from those set forth by the majority in its opinion. Hence, I write separately.

There are three prongs to the definition of "final appealable order" in R.C. 2505.02. See, generally, *Chef Italiano Corp.* v. *Kent State Univ.* (1989), 44 Ohio St. 3d 86, 541 N.E. 2d 64. The majority chooses the first prong and I think that is incorrect. No matter how the majority attempts to explain away the language of R.C. 2505.02, "* * * in an action which in effect determines the action *and* prevents a judgment * * *" (emphasis added), the language is still there and will not go away. An order awarding *temporary* custody to an agency does *not* determine the action *and* prevent a judgment. To further dilute the final appealable order definition in this fashion will only cause further confusion. This is especially true when the majority affirms the court of appeals' dismissal of *In re Blackburn Children* (No. CA-7636) because no dispositional order had been entered. The obvious solution now for trial courts seeking to protect abused, neglected or dependent children is not to proceed to disposition until the court is satisfied that protracted appeals will not further harm the child(ren).

The second prong of R.C. 2505.02 provides that an order is final and appealable when it is "* * * an order that affects a substantial right made in a special proceeding * * *." Clearly, complaints brought in juvenile court pursuant to *statute* to temporarily or permanently terminate parental rights are "special proceedings." Such actions were not known at common law. In addition, it is beyond argument that a "substantial right" is affected when parental custody is involved.

Accordingly, if the majority is going to make the awarding of temporary custody to a children services agency a final appealable order, then it would seem that the second prong of R.C. 2505.02 would be the proper way to do so.