OPINION
Dennis Kinstle, natural father of Joshua, Thomas, Anthony, Nicholas, Andrew, and Jessica Kinstle, appeals the judgment of the Logan County Common Pleas Court, Juvenile Division, denying Kinstle's motion to terminate temporary custody. For the reasons that follow, we dismiss these appeals, and remand these actions to the Logan County Common Pleas Court, Juvenile Division for further proceedings.
In August 1996 the Logan County Childrens' Services Board ("CSB") removed Thomas Kinstle, the oldest child, from the Kinstle home and placed him in temporary custody. The Kinstle children were under court-ordered protective services at the time. By September 1996, the remaining Kinstle children were placed in temporary custody in various foster homes. The primary basis for the placement into temporary custody was that Dennis Kinstle had relinquished his lease with metropolitan housing to the children's mother, Wahoneta Jane Kinstle ("Jane"), and she subsequently abandoned the children.
On May 8, 1997 the Logan County CSB filed a motion requesting permanent custody of the Kinstle children. In July 1997, with the existing temporary custody order expected to expire in August, CSB made a motion to extend court-ordered protective services, later amended to accurately reflect a motion to extend temporary custody. On August 19, 1997 the parties agreed and the court granted the extension of temporary custody until September 9, 1997 when the issue of a formal six month extension could be attended to properly.
On August 14, 1997 Dennis Kinstle filed a motion to terminate temporary custody of his children and requested that they be returned to his care. As part of his obligation under the case plan, then in effect, Dennis had obtained employment and rented a three-bedroom home. The case plan required Dennis to obtain a four- bedroom residence.
The court denied Dennis Kinstle's motion to terminate temporary custody of the children on September 15, 1997. The basis for the court's decision was that Dennis was not in compliance with the case plan provision regarding suitable housing. This appeal follows. All other proceedings, including CSB's motions requesting permanent custody and extension of temporary custody, have been stayed pending this appeal. The children remain in the temporary custody of CSB in various foster homes.
Dennis Kinstle assigns two errors to the court's order of September 15, 1997 denying the termination of temporary custody.[1] Before we can address Kinstle's assigned errors, we must first determine whether the order in the present case of the juvenile court denying the father's motion to terminate temporary custody constitutes a final, appealable order. The motion to terminate custody is an authorized motion pursuant to Juvenile Rule 14(C).
R.C. 2505.03(A) provides that "[e]very final order, judgment, or decree of a court * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." R.C. 2505.02 defines a "final order" as an order that is classified as one of the following:
 (1) "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *;"
 (2) "* * * an order that affects a substantial right made in a special proceeding * * *;"
 (3) an order that affects a substantial right and made "* * * upon a summary application in an action after judgment * * *;"
 (4) an order vacating or setting aside a judgment; and
(5) an order granting a new trial.
The action taken in the present case, the court's denial of a father's motion to terminate temporary custody, does not qualify under any of the R.C. 2505.02 classifications, except possibly, "an order that affects a substantial right made in a special proceeding."
The Ohio Supreme Court interpreted what constitutes a "special proceeding" under R.C. 2505.02 in Polikoff v. Adam
(1993), 67 Ohio St.3d 100. The Court held that "[o]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." Id. at syllabus. Subsequent to its decision in Polikoff, supra, the Ohio Supreme Court ruled that juvenile court proceedings are special proceedings. State ex. rel. Fowler v. Smith (1994), 68 Ohio St.3d 357,360; see also State ex. rel. Dixon v. Clark Cty. Court ofCommon Pleas, Juv. Div. (1995), 103 Ohio App.3d 523, 527. Therefore, these actions occurred in a special proceeding. This, however, does not end our inquiry.
The issue we must now address is whether the court's action denying the father's motion to terminate temporary custody affected a "substantial right." If not, this appeal does not qualify as a final, appealable order under R.C. 2505.02.
"An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. SinaiMed. Ctr. (1993), 67 Ohio St.3d 60, 63, modified by, Moskovitz v.Mt. Sinai Med. Ctr. (1994) 69 Ohio St.3d 638, 639; see also, UnionCamp Corp. v. Whitman (1978), 54 Ohio St.2d 159, 162.
Clearly, an order that provides for temporary custody following an adjudication of dependency affects a substantial right. In re Murray (1990), 52 Ohio St.3d 155, syllabus. Likewise, dispositional orders continuing temporary custody or modifying temporary custody following the original adjudication affect a substantial right. In re Patterson (1984), 16 Ohio App.3d 214;In re Rule (1963), 1 Ohio App.2d 57. The basis for these holdings is premised in the fundamental rights of any parent to raise his or her children. In re Awkal (1994), 95 Ohio App.3d 309,315; State ex. rel. Heller v. Miller (1980), 61 Ohio St.2d 6,10.
In the present case, Dennis Kinstle filed a motion to terminate temporary custody after CSB filed its motion for permanent custody and its motion to extend temporary custody. The hearing on Kinstle's motion focused on the issue of whether the father adequately complied with the case plan so that temporary custody could be terminated in his favor. Additionally, the court's order on September 15, 1997 was specifically limited to denying Kinstle's motion.
The order does not extend the period of time the children are scheduled to remain in temporary custody. That motion is currently before the juvenile court. Likewise, the order does not modify the temporary custody order. Rather, the children remain in the care and custody of CSB for the prescribed time established approximately one year earlier.
Resolution of Kinstle's motion to terminate temporary custody does not foreclose his opportunity for appropriate relief in the future. The court is under the obligation to determine the status of the action after the children have been in temporary custody for a one year. See R.C. 2151.415. Until the court extends the temporary custody order or modifies the terms of the existing order, an appeal from a motion to terminate temporary custody is interlocutory in nature.
Determination of the motion to extend temporary custody or the motion to grant permanent custody may affect a substantial right, and thus, could be a final, appealable order. However, these motions have not been addressed by the court and remain unresolved. Both motions are currently stayed pending the resolution of these appeals.
Therefore, we find that the court's order denying Kinstle's motion did not affect a substantial right, was interlocutory in nature, and did not foreclose appropriate relief in the future. See Bell v. Mt. Sinai Med. Ctr., 67 Ohio St.3d at 63.
Appeals dismissed.
SHAW, P.J., and EVANS, J., concur.
[1] Kinstle's first assigned error alleges that "No court should grant an extension of temporary custody under O.R.C.2151.415 et seq. unless clear and convincing evidence is presented on each factor essential to the granting of relief under that section." The second assigned error contends that "The court erred in finding that appellant was unable to provide suitable living accommodations as there was no clear and convincing evidence to support that finding as required by law when in fact the evidence provided to the contrary."