DECISION AND JOURNAL ENTRY
Appellants-defendants Gerard Tomasik, Martha Tomasik, Elaine Tomasik, Cecelia Tomasik, and Daniel Tomasik appeal from an order of the Summit County Court of Common Pleas, Probate Division, that granted judgment in favor of appellee-plaintiff George R. Wertz, the guardian of Hedwig Jurkoshek. Because no final appealable order has been entered in the trial court, however, this Court does not have jurisdiction and the appeal must be dismissed.
An appellate court is required to raise jurisdictional issues involving final appealable orders sua sponte. See In re Murray
(1990), 52 Ohio St.3d 155, 160, fn. 2; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186. This Court's review of the record indicates that on March 16, 1998, Wertz filed a complaint for declaratory judgment and for an accounting, naming the five Tomasiks as defendants. Subsequent proceedings unfolded until the trial court issued an order on October 5, 1999, that purported to resolve the matters before the court in favor of Wertz. Although this latter entry set forth orders regarding Gerard Tomasik, Martha Tomasik, Elaine Tomasik, and Daniel Tomasik, the entry failed, however, to resolve the complaint against Cecelia Tomasik. This Court has previously explained that a judgment that "does not dispose of all the claims between all the parties, and does not contain an express determination that there is no just reason for delay * * * is not a final, appealable order. [In the absence of a final appealable order], this [C]ourt does not have jurisdiction to hear the appeal." Davis v. Chrysler Corp. (Apr. 12, 2000), Summit App. No. 19525, unreported, citing Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. See, also,Haller v. Schwartz (Sept. 29, 1999), Medina App. No. 2871-M, unreported; Gosden Constr. Co., Inc. v. Gerstenslager (Sept. 19, 1996), Summit App. No. 17687, unreported.
The trial court's failure to enter judgment with regard to Cecelia Tomasik renders the October 5, 1999 judgment entry not final and appealable. Accordingly, this Court cannot address the appellants' three assignments of errors and the appeal must be dismissed for lack of jurisdiction.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ________________ DONNA J. CARR
BATCHELDER, P.J., SLABY, J., CONCUR.