OPINION
Defendant-appellant, Suzanne Thornton, appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, granting the motion of appellee, Clermont County Department of Human Services ("CCDHS"), for a planned permanent living arrangement ("PPLA") for appellant's daughter, Tajuana.
On January 6, 1999, CCDHS filed a complaint alleging that Tajuana, born June 26, 1989, was a dependent child. The complaint was filed after Tajuana was hospitalized for stabbing herself. It indicates that appellant's mental state impaired her ability to parent at the time, and that Tajuana's father was out of the home and could not be located. On January 14, 1999, emergency custody was granted to CCDHS. On March 9, 1999, Tajuana was adjudicated a dependent child and temporary custody was awarded to CCDHS.
Tajuana remained in the temporary custody of CCDHS, in placement with a foster family, for over one year. On April 6, 2000, CCDHS filed a motion requesting that the court grant a PPLA. The motion stated that reunification efforts were not successful and alleged that the parents had significant physical, mental or psychological problems which rendered them unable to care for Tajuana. The motion also alleged that adoption was not in Tajuana's best interest as she retains a significant relationship with her mother.
A hearing was held on May 23, 2000 and the motion for a PPLA was granted by a magistrate. Appellant filed objections to the magistrate's decision which were overruled by the trial court on July 14, 2000. Appellant appeals the trial court's decision to grant the PPLA and raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT RULED IN FAVOR OF THE STATE'S MOTION REQUESTING A PLANNED PERMANENT LIVING ARRANGEMENT.
Appellant first contends that there was insufficient evidence for the trial court to make a finding of dependency at the March 9, 1999 hearing. Appellee responds to this argument by stating that the March 9, 1999 finding of dependency and award of temporary custody to CCDHS was a final appealable order and any challenge to that finding is untimely.
The Ohio Supreme Court has stated that "[a]n adjudication by a juvenile court that a child is `neglected' or `dependent' as defined in R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a `final order' within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02." In reMurray (1990), 52 Ohio St.3d 155, syllabus. Appellant did not timely appeal the March 9, 1999 finding of dependency and award of temporary custody. Therefore, appellant's failure to timely appeal the March 9, 1999 finding of dependency precludes our consideration of this issue. See In re Kerby (Sept. 25, 2000), Butler App. No. CA99-09-164, unreported.
Appellant next argues that the trial court's decision to grant the motion for a PPLA was an abuse of discretion. As applicable to this case, R.C. 2151.353(A)(5) provides that:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
***
 (5) Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in a planned permanent living arrangement and if the court finds, by clear and convincing evidence, that a planned permanent living arrangement is in the best interest of the child and that one of the following exists:
***
 (b) The parents of the child have significant physical, mental, or psychological problems and are unable to care for the child because of those problems, adoption is not in the best interest of the child, as determined in accordance with division (D) of section 2151.414 of the Revised Code, and the child retains a significant and positive relationship with a parent or relative.
Specifically, appellant argues that there was insufficient proof for the court to find by clear and convincing evidence that the PPLA was in the best interest of the child and that there was a lack of evidence that appellant has "significant physical, mental, or psychological problems" that render her incapable of caring for her child.
The evidence presented at the hearing established that although a case plan was developed to prepare for reunification, appellant has been less than diligent in following through with her scheduled appointments, counseling sessions, and classes. Appellant forgot to attend a psychological evaluation in March 1999, and a report indicates that she still had not scheduled another evaluation as of December 1999. As of the date of the hearing, she had attended only two counseling sessions. A report on the case plan from May 23, 2000 indicates that "mother states that her emotional, mental distress prevent [sic] her from responding to Tajuana's needs." Appellant was given a provisional diagnosis of "adjustment disorder with depressed mood."
Evidence was presented that Tajuana's behavior had improved and that she has made progress since being placed with a foster family, but that her behavior regressed during visitation with her mother. There was concern by Tajuana's therapist that appellant accused Tajuana's father of physically abusing Tajuana and herself, and that appellant indicated she suspected that Tajuana's father was sexually abusing Tajuana. The therapist terminated joint counseling sessions with appellant and her daughter when she discovered that Tajuana's father was back in the household. Appellant also had to go back to supervised visits with her daughter after this occurred.
Considering the evidence presented, we find that the trial court did not abuse its discretion in granting the motion for a PPLA. There is evidence to establish that Tajuana is progressing in foster care and that reunification with her mother at this time would be detrimental to that progress. The evidence also establishes significant physical, mental, or psychological problems in that there are several areas of concern regarding appellant's ability to parent safely and effectively at this time. Tajuana continues to have a significant relationship with her mother, so that adoption is not appropriate. The evidence at the hearing indicated that CCDHS planned to continue a case plan that would allow reunification at some point, but that due to slow progress, reunification was not appropriate at the present time. Given this evidence, we find no abuse of discretion in the trial court's decision to grant the motion for a PPLA. Appellant's assignment of error is overruled.
 _______________________ YOUNG, P.J.
VALEN and POWELL, JJ., concur.