OPINION
{¶ 1} This is an appeal brought by a parent from an order of the Juvenile Court denying a motion filed by an agency seeking permanent custody of Appellant's child and, instead, continuing the temporary custody previously ordered. The court also ordered that during the pendency of the temporary custody the agency must evaluate a family member for possible placement and assist the parent, Ms. Felicia Ware, to obtain substance abuse counseling. The court also ordered the agency to file a new case plan in the event it files another request for permanent custody.
 {¶ 2} As a preliminary matter, the agency, Montgomery County Children's Services ("MCCS"), argues that the temporary custody order is not a final, appealable order for purposes of R.C. 2505.02(B)(2), and thus we lack jurisdiction. MCCS relies on our holding so finding in In reWilkinson (Mar. 8, 1996), Montgomery App. No. 15175, which likewise involved an appeal from an order denying a motion filed by MCCS for permanent custody and continuing temporary custody to permit evaluation of the child's relatives for placement.
 {¶ 3} In Wilkinson, the appeal was brought by MCCS, and we held that no substantial right of that appellant had been affected by continuation of temporary custody. Here, the appeal is, instead, brought by a parent. "[I]t is manifest that parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a `substantial right' for purposes of applying R.C. 2505.02."In re Murray (1990), 52 Ohio St.3d 155, 157. Therefore, such an order is final and appealable when entered after a dependency adjudication. Id.
 {¶ 4} We find that, in this appeal brought by a parent, the order from which the appeal was taken is final and appealable per R.C.2505.02(B)(2). Therefore, we do not lack jurisdiction to review the error that Felicia Ware assigns.
 FIRST ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED IN FINDING THAT THE MINOR CHILD HEREIN HAD BEEN ADJUDICATED ON JUNE 15, 2001."
 {¶ 6} A series of temporary custody orders was issued in this
 {¶ 7} case, each following a refiled complaint for permanent custody. In the last of those, which was entered by a magistrate's decision that the court adopted on August 31, 2001, a finding was made that "the child (was) adjudicated on June 15, 2001." The reference is to an adjudication of dependency, which necessarily precedes a dispositional hearing on the permanent custody request.
 {¶ 8} MCCS concedes that no adjudication of dependency was made on July 15, 2001. It points out, however, that the magistrate on July 19, 2001, stated on the record: "I'm going to rule initially that the child is dependent." (T. 38). MCCS argues that the court most likely indicated the wrong date when it stated that the child had been "adjudicated" on July 15, 2001. That actually occurred on July 19, 2001. MCCS argues that the error in citing the date concerned is immaterial, and we agree. The recitation in the August 31, 2001 decision that the court adopted serves to journalize its finding.
 {¶ 9} Appellant also complains that "no entry was ever filed that delineated the basis of the adjudication." (Brief, p. 3). However, per Juv.R. 40(E)(2), findings and conclusions are required only when a party requests them pursuant to Civ.R. 52. The record does not indicate that either party made such a request following either the August 31, 2001 order or the magistrate's recitation of his finding on July 19, 2001.
 {¶ 10} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ERRED IN FINDING THAT THE CASE CAME ON BEFORE THE COURT ON A MOTION, RATHER THAN A COMPLAINT, FOR PERMANENT CUSTODY."
 {¶ 12} The temporary custody order from which this appeal was taken was entered on a complaint for permanent custody that MCCS filed on May 24, 2001. In its August 31, 2001 decision and order, the court mistakenly identified that complaint as a "motion." We agree with MCCS that the semantic distinction is immaterial. Appellant argues that, because the May 24, 2001 pleading was a complaint and not a motion, the court was required to make a finding of dependency, which it "failed to do in any entry." (Brief, p. 4). As we explained above, the magistrate's decision contained that finding, and the court adopted the decision on August 31, 2001. The court's order serves as its journalization.
 {¶ 13} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 14} "THE TRIAL COURT ERRED IN FINDING THAT A CASE PLAN EXISTED FOR MOTHER AND THAT THE CHILDREN SERVICES AGENCY DID NOT NEED TO FILE A CASE PLAN WHEN IT RE-FILED A COMPLAINT FOR PERMANENT CUSTODY."
 {¶ 15} An agency that provides services for a child whom it has alleged is abused, dependent, or neglected, must file and maintain a case plan for the child. R.C. 2151.412(A). When the child is in the temporary custody of the agency, a case plan for a child must be filed that addresses certain goals. Among those goals is "[t]o eliminate with all due speed the need for out-of-home placement so that the child can safety return home." R.C. 2151.412(F)(1)(b). However, as one of the case plan's several priorities, "[i]f the child has no suitable member of the child's extended family to accept legal custody of the child and no suitable non-relative is available to accept legal custody of the child and, if the child temporarily cannot or should not be placed with the child's parents, guardian, or custodian, the child should be placed in the temporary custody of a public children services agency or a private child placing agency." R.C. 2151.412(G)(4).
 {¶ 16} The Juvenile Court continued the temporary custody it had previously ordered, and it further ordered that during that term MCCS must evaluate an uncle of the child for permanent placement. Appellant raises two issues in that connection. First, she argues that the court, having ordered temporary custody, should also have required MCCS to file a new case plan with reunification as a goal. The court did not do that, but did order MCCS to file a new case plan if it again seeks permanent custody. Second, Appellant complains that, in this proceeding, she was never served with a case plan containing reunification as a goal. As a result, she was unable to modify her conduct to achieve the goal of reunification, which the law prefers.
 {¶ 17} As we mentioned above, this dispute has seen a succession of complaints filed. Through the course of those proceedings, a case plan containing reunification goals was apparently filed and refiled. If the most recent of those case plans was not also served on Appellant, she was not prejudiced as a result because, as Appellant conceded at oral argument, she obtained a copy. Absent any objection to its provisions, she cannot now complain that its requirements were unreasonable or unknown to her or that her ignorance of its provisions prevented her from conforming her conduct to achieve the reunification goal.
 {¶ 18} It appears that when it continued temporary custody the Juvenile Court followed the alternative that R.C. 2151.412(G)(4) provides, which permits the court to award temporary custody when "the child temporarily cannot or should not be placed with the child's parents." Though that alternative rejects parental custody while the temporary order is pending, it does not thereby relieve the agency of its statutory obligation to maintain and file a case plan that includes reunification as one of its goals. Therefore, the trial court erred when it ordered temporary custody continued absent a new case plan filed and maintained by MCCS.
 {¶ 19} It may be, as MCCS suggests, futile to compose a new case plan containing reunification as a goal when Appellant has failed to conform her conduct to prior case plans of that kind. Nevertheless, it will do no harm to again tell her what she must do, and the court's order concerning substance abuse counseling for Appellant would seem to require a case plan of that kind in order to justify the requirement. Slim as the prospects of success may be, the high deference and respect that the law affords to the parent/child relationship requires strict adherence to the procedures for its termination.
 {¶ 20} The third assignment of error is sustained.
 Conclusion {¶ 21} Having sustained the third assignment of error, in part, the judgment from which this appeal was taken is reversed, in part, and the case is remanded for further proceedings consistent with this opinion.
WOLFF, P.J. and BROGAN, J., concur.