[Cite as *In re A.L.*, 2020-Ohio-156.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: A.L.
     A.L.

C.A. No.     19CA011523


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    18JC54078
                18JC54079

DECISION AND JOURNAL ENTRY

Dated: January 21, 2020

HENSAL, Judge.

{¶1}   Appellant, T.W. ("Mother"), appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that adjudicated her twin children dependent and placed them in the legal custody of M.L. ("Father") under an order of protective supervision.  Because the trial court failed to adopt a case plan as part of its dispositional order, this Court reverses and remands.

I.

{¶2}   Mother and Father are the biological parents of twins, both with the initials A.L., born July 10, 2012.  At the time the children were born, the parents were married and living in Florida.  Since that time, the parties have moved between residences in Florida and Lorain County, Ohio.

{¶3}   According to allegations by Lorain County Children Services ("LCCS"), it had a prior case with this family in 2015, based on concerns about "Father's propensity for violence

and Mother's mental health." That case was later closed because the family moved and LCCS was unable to locate them.

{¶4} On November 4, 2016, Mother filed a petition to dissolve her marriage to Father in a Florida court. Shortly afterward, although Father had apparently been granted custody of the children, Mother went to the court while the judge presiding over their case was on vacation. Another judge granted Mother an emergency order to pick up the children from Father in Ohio. The Florida court later rescinded that order, however, noting that it had been issued in error and that the court remained concerned about Mother's mental health.

{¶5} The parties' private Florida custody dispute was later transferred to Lorain County, Ohio. On April 3, 2018, LCCS filed a complaint in this case. According the allegations in the complaint, LCCS had concerns about Mother's mental health and that she was not then engaged in any treatment. It also expressed concerns about Father's unstable living situation.

{¶6} On May 11, 2018, LCCS filed a proposed case plan that included only Father and the children. Mother was not included in the case plan except to indicate that she lived out of state, would have no visitation with the children, but "[i]f indicated by the court[,]" the agency would reassess the situation and provide services "if appropriate." The children were later adjudicated dependent.

{¶7} The parties agreed to multiple continuances and the matter eventually proceeded to contested hearing before a magistrate about the initial disposition of the children. Following the hearing, the magistrate decided that A.L. and A.L. would be placed in the legal custody of Father under an order of protective supervision by LCCS. The trial court adopted the magistrate's decision the same day and ordered that the children be placed in the legal custody of Father under an order of protective supervision. Neither the magistrate's decision nor the trial

court's order adopted the proposed case plan filed by LCCS, nor did either adopt any case plan by which all parties would be bound.  *See* Juv.R. 34(F); R.C. 2151.412(E) and (F).

{¶8}    Mother filed objections to the magistrate's dispositional decision.  Among other things, she asserted that LCCS had failed to adequately investigate her parenting ability or provide her with reasonable reunification services.  The trial court later overruled Mother's objections, but it did not explicitly rule on her objection about whether the agency had made reasonable reunification efforts.  The trial court adhered to its prior dispositional judgment. Mother appeals and raises four assignments of error.   This Court will confine its review to two of the assigned errors because they are dispositive.

## II.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THAT [LCCS] MADE REASONABLE EFFORTS.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT DENIED MOTHER ANY VISITATION WITH [A.L. AND A.L.].

{¶9}    Mother's third and fourth assignments of error argue, among other things, that LCCS never fully investigated Mother's parenting ability or provided her with reasonable reunification services.  This Court has stressed that the authority of the juvenile court in abuse, dependency, and neglect cases is strictly governed by a comprehensive statutory scheme set forth in Revised Code Chapter 2151.  *See, e.g.*, *In re S.R.*, 9th Dist. Summit No. 27209, 2014-Ohio-2749, ¶ 35; *In re I.S.*, 9th Dist. Summit No. 24763, 2009-Ohio-6432, ¶ 10.   Among the procedural protections afforded to a parent after her children have been removed from her custody is a statutory mandate that the children services agency make reasonable efforts to

reunify the parent with her children, unless one of the specific situations in Revised Code Section 2151.419(A)(2) exists, such as a conviction of certain crimes against the children or a prior involuntary termination of parental rights.  R.C. 2151.419(A)(1).

{¶10}  It is not clear from the record whether any of those circumstances existed in this case, but LCCS was required to make reasonable reunification efforts because the trial court made no finding under Section 2151.419(A)(2) to relieve it of that obligation.  *See In re S.R.* at ¶ 40 (emphasizing that absent a reasonable efforts bypass order, the agency must make reasonable reunification efforts).

{¶11}  The agency has the burden of demonstrating that it made reasonable reunification efforts at several points during a dependency case, including the initial dispositional hearing. R.C. 2151.419(A)(1).  At the dispositional hearing, although LCCS presented evidence about its efforts to reunify the children with Father, it had made no effort to independently investigate Mother or provide her with any reunification services.

{¶12}  Moreover, included in its obligation to make reasonable reunification efforts is the requirement that LCCS file a case plan because it filed a complaint to allege that these children were dependent.  R.C. 2151.412(A)(1).  Case plan requirements are set forth in more detail in administrative regulations developed by the director of job and family services.  *See* R.C. 2151.412(C)(1) and (2).

{¶13}  This Court has previously set forth the law and policy reasons for requiring a case plan that includes reunification goals and services for both parents, if feasible, regardless of which parent has or had custody of the children.  *See In re S.R.*, 2014-Ohio-2749, at ¶ 41-45; *In re J.H.*, 9th Dist. Lorain No. 19CA011522, 2019-Ohio-4510, ¶ 14-22.  The only reference to Mother in the case plan is that she was not included because she lived in another state and had

been denied visitation in the private divorce action filed in that state. That was not a valid reason to exclude Mother from the case plan. *See id*.

{¶14} In *In re S.R.*, the child's father lived in California, but this Court emphasized that mere location outside the state, given that the agency knew the father's address, was not a reason to exclude him from the case plan. *In re S.R.*, 2014-Ohio-2749, at ¶ 45. "The agency's powers and duties extend to parents and other family members who reside outside the state of Ohio and to parents who did not have custody of the child at the commencement of the case." *Id.*, citing R.C. 5153.16(A)(12); Ohio Adm.Code 5101:2-40-02(B), (G), and (K); Ohio Adm.Code 5101:2-37-04(A) and (D).

{¶15} This Court has held before that it lacks jurisdiction to review case plan requirements upon an appeal from an adjudication and initial disposition of the child because case plan requirements are interlocutory and may continue to change throughout the case. *See*, *e.g.*, *In re B.M.*, 9th Dist. Wayne Nos. 12CA0009, 12CA0010, 12CA0011, and 12CA0012, 2012-Ohio-4093, ¶ 23-24. There is no binding case law, however, about whether the exclusion of a party from the case plan is appealable at the time of the adjudication and initial disposition.

{¶16} Nevertheless, in this case, the trial court committed reversible error in its dispositional order by failing to adopt any case plan. Revised Code Section 2151.412(E) provides that the trial court "shall determine the contents of the case plan and journalize it as part of its dispositional order[.]" The Ohio Supreme Court construed this requirement as a mandatory part of the dispositional order. *See In re Murray*, 52 Ohio St.3d 155, 160 (1990) (interpreting similar language in a prior version of the statute). Juvenile Rule 34(F) also requires the trial court to determine the contents of the case plan and journalize it as part of the dispositional order.

{¶17} Because the trial court failed to adopt a case plan and had no evidence before it to demonstrate that LCCS had made reasonable efforts to reunify Mother with her children, Mother's third and fourth assignments of error are sustained.

REMAINING ASSIGNMENTS OF ERROR

{¶18} Mother's first and second assignments of error challenge the merits of the trial court's dispositional decision to place the children with Father. Because Mother has demonstrated that she was not afforded reasonable reunification efforts prior to the disposition in this case, an error that tainted the dispositional proceedings, her remaining assignments of error have been rendered moot and will not be addressed.

III.

{¶19} Mother's third and fourth assignments of error are sustained as explained above. Her first and second assignments of error were not addressed because they were rendered moot. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee Lorain County Children Services.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

LORI K. BROBST, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and EMILY KIRSCH, Assistant Prosecuting Attorney, for Appellee.

CHRISTINA VAGOTIS, Attorney at Law, for Appellee.

CATHY ELLERS, Guardian ad Litem.