DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth and Lisa Roberts appeal the decision of the Athens County Court of Common Pleas, Juvenile Division granting Vincent Lowers custody of his daughter Samantha R. Dailey[1]. The Roberts contend that the court used the wrong standard to determine who would receive custody of Samantha. They argue that R.C. 3109.04 has replaced the "unsuitability" analysis required by In re Perales (1977),52 Ohio St.2d 89, 369 N.E.2d 1047, with a "best interests" test. Our decision in In re Pryor (1993), 86 Ohio App.3d 327, 620 N.E.2d 973 held that the Perales unsuitability criterion is a threshold requirement in custody proceedings between a parent and nonparent under R.C. Chapter 2151. Because we continue to believe that custody cannot be awarded to a nonparent in this context without a finding of parental unsuitability, we affirm the trial court's judgment.
 {¶ 2} On December 6, 1997, Shon Gates gave birth to Samantha R. Dailey. Apparently, Ms. Gates left the state on several different occasions, leaving Samantha with the Roberts, who are not related to her or Mr. Lowers. Twice Ms. Gates signed a notarized document giving the Roberts temporary custody of Samantha while she was out of town. According to the Roberts, Samantha has lived with them since shortly after her birth.
 {¶ 3} Samantha's birth certificate did not identify her father. In August 2001, Lowers took a paternity test, which established that he was Samantha's biological father. Three months later, Lowers filed a petition for ex parte emergency custody of Samantha. He expressed concern for Samantha's safety, indicating that she had recently suffered two serious injuries while in the Roberts' care. The trial court granted Lowers' petition for emergency custody. In response, the Roberts filed a motion for legal custody of Samantha. After conducting a hearing, the court determined that the Roberts were not biologically related to Samantha. The court found that Lowers was Samantha's biological father and that he had neither relinquished his rights to her nor abandoned her. The court also determined that Lowers was capable of caring for Samantha. Using thePerales standard, the court determined that the Roberts failed to prove that Lowers was "unsuitable" and awarded custody of Samantha to him. The Roberts' appeal raises the following assignment of error: "The adoption of R.C. § 3119.04 (sic) by the legislature effectively overrule (sic)In Re Perales (1977) 52 Ohio St.2d 89.[2]"
 {¶ 4} In their sole assignment of error, the Roberts argue that R.C. 3109.04, as amended in 1990, overruled the Ohio Supreme Court's decision in In re Perales, supra. They argue that under R.C. 3109.04, the proper standard for determining custody disputes between parents and non-parents is the best interests of the child standard. They contend that the trial court applied the wrong standard when it applied the "unsuitability" standard of Perales rather than the "best interests" standard of R.C. 3109.04.
 {¶ 5} This appeal raises the question of whether Perales still governs custody disputes between parents and non-parents under R.C.2151.23(A)(2). This is a question of law, which we review de novo.
 {¶ 6} R.C. 2151.23(A)(2) provides: "(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows: (2) Subject to division (V) of section 2301.03 of the Revised Code, to determine the custody of any child not a ward of another court of this state * * *." Thus, the juvenile court proceedings, which involved a custody dispute between a parent and nonparents, were authorized under this section since Samantha was not under the jurisdiction of another court. Nonetheless, appellants contend that the best interests of the child analysis of R.C. 3109.04 controls the outcome of the juvenile court proceedings. R.C. 3109.04 deals with custody disputes that arise out of a divorce, legal separation, or annulment proceeding. R.C. 3109.04(A). Under R.C. 3109.04, the court applies a "best interest of the children" analysis when allocating parental rights and responsibilities for the care of the children in the domestic relations context.
 {¶ 7} The Roberts rely on the Fifth District's decision inMcDaniel v. McDaniel (Oct. 13, 1993), Morgan App. No. CA-93-4, to support their argument that the best interest of the child standard applies in R.C. 2151.23(A)(2) custody proceedings between a parent and a nonparent. They point out that in McDaniel, the trial court awarded custody to the child's grandmother without first finding that the biological parent was unfit. However, the Roberts have misread McDaniel, which dealt with a modification of parental rights and responsibilities under R.C.3109.04(E)(1)(a). Id. In dicta, the McDaniel court discussed R.C. 3109.04, stating: "In 1990 and 1991, R.C. 3109.04 was amended extensively in that it is no longer necessary that the parents be found to be unfitted for custody; it is only necessary that the trial court find that it is in the best interest of the child or children to place said children with a relative."
 {¶ 8} This statement by the Fifth District refers to R.C.3109.04(D)(2), which permits the trial court to commit the child to a relative when it determines that "it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian." However, that section addresses custody disputes between parents and nonparent relatives that originate in the domestic relations court. Moreover, this court has consistently applied the Ohio Supreme Court's holding in In re Perales to parent/nonparent custody actions arising under R.C. 3109.04. See Lee v. Lee, Meigs App. No. 02CA2,2002-Ohio-3554, at ¶ 9; Van Hoose v. Van Hoose (April 19, 1990), Pike App. No. 433; Long v. Long (Sept. 11, 1986), Washington App. No. 84 X 14.
 {¶ 9} The Roberts' argument implies that the 1990 amendments to R.C. 3109.04 established the best interests standard. This is incorrect. Prior to 1974, R.C. 3109.04 spoke in terms of suitability. But by an amendment in 1974 the General Assembly deleted any reference to the suitability of the parent and substituted the best interests of the child as the appropriate standard. See Van Hoose, supra. Thus, in 1977, when the Ohio Supreme Court decided In re Perales, R.C. 3109.04 contained a best interests standard. In fact, the issue in Perales was whether R.C.3109.04's best interests standard applied in a R.C. 2151.23(A)(2) custody dispute between a parent and a nonparent. In Perales, the Ohio Supreme Court determined that it did not. See In re Hockstock, 98 Ohio St.3d 238,2002-Ohio-7208, holding that In re Perales continues to control actual disputes between parents and nonparents under R.C. 2151.23(A)(2).
 {¶ 10} While the best interests and welfare of the child is a primary consideration in all childrens cases, regardless of the court or parties that are involved, considerations of parental rights become paramount in certain contexts. That is to say, parents who are suitable have a fundamental right to raise their own children. See, In re Murray
(1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169. Thus, in the context of custody proceedings between a parent and a nonparent under R.C. Chapter 2151, custody may not be awarded to a nonparent without first making a finding of parental unsuitability. In re Hockstock, supra and In rePerales, supra. See, also, In re Pryor (1993), 86 Ohio App.3d at 333. In effect, the best interest standard of R.C. 3109.04 is premised on the idea that both parents are suitable. Thompson v. Thompson (Aug. 10, 1995), Highland App. No. 94CA859. In divorce-related custody disputes involving parents on an equal legal footing, each of which is eminently qualified to raise a child, questions of suitability are normally not relevant. Thus, the child's best interest becomes the only relevant consideration. In re Pryor, supra. However, the same cannot be said of a dispute between a parent and a nonparent. Due to the suitable parent's paramount rights, the unsuitability requirement of Perales becomes a threshold analysis in determining the child's best interest. Id.
 {¶ 11} Accordingly, we affirm our decision in In re Pryor that parental suitability applies as threshold determination in a R.C. 2151 proceeding for custody between a parent and nonparents. Therefore, the Roberts' assignment of error is overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] The trial court's entry spells Samantha s last name Daily", without an "e". However, the record indicates that the correct spelling is "Dailey".
[2] The Roberts assignment of error refers to R.C. 3119.04. However, we assume this is a typographical error. In their argument, the Roberts rely on the best interest standard contained in R.C. 3109.04.