OPINION
{¶ 1} Appellant, Wendy Cutright, appeals the September 25, 2003 judgment entry of the Portage County Court of Common Pleas, Juvenile Division, in which the trial court terminated the case and ordered that all further proceedings be commenced in case number 2003 JCF 00276.
 {¶ 2} This situation involves the termination of parental rights. The trial court denied the motion of appellee, the Portage County Department of Job and Family Services ("PCDJFS"), to grant it permanent custody of Brianna Snow ("Brianna") on July 7, 2003. A review hearing was held on August 7, 2003, and on August 12, 2003, the magistrate determined that the temporary custody case should be terminated. The magistrate made no other dispositional ruling regarding Brianna since the termination case was on appeal before this court. Appellant filed objections to the magistrate's decision on August 27, 2003.[1] Appellant claimed that the trial court erred by not issuing an order terminating the case and returning the child to her legal custody. Appellee filed a response to the objections and a motion to dismiss arguing that the objections were not timely filed.
 {¶ 3} In an entry dated September 25, 2003, the trial court overruled appellant's objections since the PCDJFS was denied permanent custody of Brianna. The trial court explained that the matter was currently on appeal before this court. Thus, the trial court adopted the magistrate's decision and terminated the case as a matter of law. The trial court also ordered that all further proceedings were to be commenced in case number 2003 JCF 00276. Appellant timely filed the instant appeal and now raises a single assignment of error:
 {¶ 4} "The trial court erred in denying the [m]otion for [d]isposition for the trial court had the jurisdiction to enter that order even after the sunset date and, since the [m]otion for [p]ermanent [c]ustody had been denied, the only appropriate order was to return the child to the mother."
 {¶ 5} Under her lone assignment of error, appellant claims that the trial court erred because it did not issue a dispositional order requiring that the child be returned to her since the PCDJFS's motion for permanent custody had been denied and the sunset date had passed.
 {¶ 6} Preliminarily, we note that in In re Snow, 11th Dist. No. 2003-P-0080, we are affirming the trial court's decision to deny the PCDJFS's motion for permanent custody.
 {¶ 7} Furthermore, as explained by Giannelli and Yeomans, Ohio Juvenile Law (2003 Edition) 409, Section 34:4:
 {¶ 8} "it is not necessary that the dispositional order be final in all respects in order to permit appeal. The Ohio Supreme Court has determined that `the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature.' [In re Murray (1990), 52 Ohio St.3d 155, 157.] * * *."
 {¶ 9} Based on the record in this case and the foregoing analysis, we conclude that the dispositional order in which the trial court denied permanent custody of Brianna to appellee was a final appealable order. See, generally, State ex rel. Papp v.James (1994), 69 Ohio St.3d 373.
 {¶ 10} However, it is our determination that the trial court erred because it failed to further order the return of Brianna to appellant in conjunction with its termination of the case. Specifically, the trial court did not expressly order that the child be returned to appellant.
 {¶ 11} For the foregoing reasons, appellant's sole assignment of error has merit. The judgment of the Portage County Court of Common Pleas, Juvenile Division, is reversed, and the case is remanded for further proceedings consistent with this opinion.
Christley and O'Neill, JJ., concur.
[1] Appellee filed objections to the magistrate's decision on August 21, 2003. Appellee later withdrew its objections on August 27, 2003, the day appellant filed her objections.