OPINION
{¶ 1} Willie R. ("appellant") appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which granted permanent custody of his child, "S.R.," to Franklin County Children Services ("appellee").
 {¶ 2} Appellee's involvement with S.R. began in June 2003, when S.R. was declared to be a dependent, abused, and neglected child and committed to appellee's temporary custody. Prior to that time, S.R. had been in the care and custody of her mother, Christina M. For approximately two years following S.R.'s placement in temporary custody and foster care, Christina worked with appellee on a plan for reuniting with S.R. Appellant was incarcerated throughout this time period, but had some contact with the case worker, foster parents, Christina, and S.R. The details of the case plan and Christina's progress are not at issue in this appeal.
 {¶ 3} The trial court conducted a hearing over the course of two separate days, May 12, 2005, and October 5, 2005. Appellant did not attend the hearing, but he was represented by counsel who did attend and participate in the proceedings.
 {¶ 4} On October 28, 2005, the trial court issued a judgment entry, which granted permanent custody of S.R. to appellee, thus divesting appellant and Christina of their parental rights concerning S.R.
 {¶ 5} Christina did not appeal the trial court's ruling. Appellant filed a timely appeal, and he raises the following assignments of error:
I. The trial court erred in failing to continue the trial for a determination of and further proceedings concerning the paternity of the minor child.
II. The trial court erred in failing to continue the trial for a determination of the potential conflict of interest concerning the representation of Father Willie [R.] by his assigned counsel.
 {¶ 6} We begin our analysis with R.C. 2151.414(B)(1). That section provides that the trial court, after a hearing, may grant permanent custody of a child to Franklin County Children Services if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency and that one of following applies: (a) the child cannot or should not be placed with the parents; (b) the child is abandoned; (c) the child is orphaned; or (d) the child has been in the temporary custody of one or more public or private children services agencies for 12 or more months of a consecutive 22-month period.
 {¶ 7} Here, appellant has alleged no error regarding the substantive merits of the trial court's decision. Rather, appellant has alleged two errors regarding the trial court's proceedings. As appellant notes, it is "well recognized that the right to raise a child is an `essential' and `basic' civil right." In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting Inre Murray (1990), 52 Ohio St.3d 155, 157. "Permanent termination of parental rights has been described as `the family law equivalent of the death penalty in a criminal case.'" Hayes at 48, quoting In re Smith (1991), 77 Ohio App.3d 1, 16. Accordingly, parents must receive every procedural and substantive protection the law permits. Id. "Because an award of permanent custody is the most drastic disposition available under the law, it is an alternative of last resort and is only justified when it is necessary for the welfare of the children."In re Swisher, Franklin App. No. 02AP-1408, 2003-Ohio-5446, at ¶ 26, citing In re Cunningham (1979), 59 Ohio St.2d 100, 105. With these principles as our guide, we consider appellant's assignments of error.
 {¶ 8} In this first assignment of error, appellant argues that the trial court should have continued the hearing in order to allow examination of issues relating to paternity. A trial court has broad discretion when ruling on a motion for a continuance. State v. Unger (1981), 67 Ohio St.2d 65, syllabus. Therefore, we will not reverse a trial court's grant or denial of a motion for continuance absent an abuse of discretion. Id. at 67. We find no abuse of the court's discretion here.
 {¶ 9} The initial complaint concerning S.R. identified appellant as her father. He is not her biological father, as he was incarcerated at the time S.R. was conceived. Rather, the record indicates that appellant "adopted" S.R. and that he is S.R.'s "legal" father. Appellant's counsel indicated to the court that appellant had signed an acknowledgement of paternity.
 {¶ 10} However, S.R.'s birth certificate identifies Lace Bruce M. as her father, and notice of the proceeding was issued to him by publication. He did not participate in the case plan concerning S.R. or in the trial court proceedings. Mr. M. is Christina's former husband and the father of her four other children. Their divorce did not become final until after S.R. was born. Testimony before the trial court indicated that Mr. M. resides in Alabama and has custody of the four children, pursuant to a divorce decree, which did not address S.R.
 {¶ 11} On the first day of trial, Christina's attorney moved to continue the proceedings in order to determine whether S.R. is the biological child of a third man, Mark N., whom Christina later stated she was residing with at the time S.R. was conceived. Appellee and the guardian ad litem objected to the motion on the grounds that appellant had already been established as S.R.'s legal father and this new information was being presented at the "final hour." (May Tr. at 7.) Appellant's attorney stated that he had "no position" on the motion. (May Tr. at 7.) The trial court denied the motion for continuance. The court noted the late submission of the information and appellant's acknowledgement of paternity.
 {¶ 12} Before this court, appellant asserts that nothing in the record established him or anyone else as S.R.'s father. According to appellant, because statutory and administrative parameters require that a child's parent or parents be notified of custody proceedings, and because the trial court must strictly comply with these requirements, the court should have continued the proceedings to determine whether Mr. N. is S.R.'s biological father and, if so, to notify him. We disagree.
 {¶ 13} First, we note that appellant's attorney took no position on the motion for continuance. To be sure, the record does not establish who is S.R.'s biological father. However, appellant never disputed that he is S.R.'s father or that he had acknowledged paternity. Appellee's case plan included him, he had contact with appellee and S.R. during the process, and counsel represented his interests at the hearing. While he did not seek custody of S.R., presumably because he is serving a long prison sentence, his actions throughout these proceedings, including this appeal, confirm his acceptance of some level of parental responsibility for S.R. and his concern for her well-being. Because he failed to raise any issue regarding paternity in the trial court, he has no grounds to argue now that the court did not properly notify S.R.'s parents.
 {¶ 14} Second, an appealing party may not challenge an alleged error committed against a non-appealing party absent a showing that he has been prejudiced by the alleged error. Smith
at 13; In re Rackley (Apr. 8, 1998), Summit App. No. 18614; Inre Justice (Mar. 30, 1994), Hamilton App. No. C-930220. Appellant cannot show prejudice here. Appellant, through his attorney, participated in the proceedings, and his views and wishes were made known to the court. Without showing prejudice to his own interests, appellant cannot support his assertion that the court abused its discretion when it denied a motion for continuance. Therefore, we overrule appellant's first assignment of error.
 {¶ 15} In his second assignment of error, appellant argues that the trial court should have granted a continuance to determine whether his counsel had a conflict of interest. Again, we review the trial court's denial of a motion for continuance under an abuse of discretion standard. Unger.
 {¶ 16} On the first day of trial, appellant's counsel raised a possible conflict for the court's consideration. Counsel learned that morning that Beth H., a client of his in another matter, is Christina's sister and was scheduled to testify on Christina's behalf. Counsel also disclosed that appellant had stolen Beth's car in order to commit the crime for which he is incarcerated and, because of these actions, Beth and appellant "don't like each other[.]" (May Tr. at 10.) Counsel asked the court to continue the proceedings in order for him to talk with appellant and determine whether a conflict existed between his representation of appellant and his representation of Beth. The court denied counsel's request for a continuance, finding that no conflict existed.
 {¶ 17} We agree with the trial court that no conflict existed and, therefore, that no continuance was necessary. Counsel made no representation or showing that Beth's testimony would be affected in any way by her contact with him or appellant, nor did counsel state that his representation of appellant would be impacted by his representation of Beth in another matter. He simply wished to talk with appellant "to make sure." (May Tr. at 10.) Additionally, we note that Beth did not testify as a witness. Therefore, any conflict that might have existed had no impact on the court's proceedings and caused no prejudice to appellant. Therefore, we overrule appellant's second assignment of error.
 {¶ 18} Having overruled appellant's first and second assignments of error, we affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
Bryant and McGrath, JJ., concur.