OPINION
{¶ 1} Appellant is the alleged father of three children, who, since 2004, have been in the custody of Franklin County Children Services. Children services removed the children from appellant's home because of evidence that they were malnourished, not receiving sufficient medical care, and not attending school. The trial court granted temporary custody to children services on November 18, 2004, and granted two extensions thereof, on September 26, 2005 and April 14, 2006, respectively. On April 26, 2006, children services petitioned the court for permanent custody ("PCC"). On *Page 2 
March 13, 2008, the trial court held a hearing on the PCC motion, at which the children's father did not appear. The father, instead, filed a motion for new trial on March 25, 2008. The trial court issued its decision granting children services' motion the following day and, on April 21, 2008, the trial court denied the father's motion for new trial. When the father filed his notice of appeal, he indicated he was appealing the trial court's denial of his motion for new trial.
 {¶ 3} Nonetheless, in this appeal, the father assigns the following five errors for our consideration:
 I. The court erred when it granted permanent custody to the agency when it determined that the children could not or should not be returned to their parent in a reasonable amount of time.
 II. The court erred in granting permanent custody to the agency and in finding that the agency made reasonable efforts to reunify the family.
 III. The children's appointed counsel was ineffective.
 IV. The court erred in denying a continuance when the father did not appear for the March 13, 2008 trial.
 V. The court erred in failing to grant a new trial or to permit the father to supplement the record.
 {¶ 4} Preliminarily, we note the right to parent one's children and maintain and pursue intimate familial associations are fundamental rights guaranteed by the Due Process Clause of the United States Constitution, those rights are not without limits. See, e.g., Troxel v.Granville (2000), 530 U.S. 57, 66, 120 S.Ct. 2054; Moore v. City of EastCleveland (1977), 431 U.S. 494, 503, 97 S.Ct. 1932; In re Hayes (1997), *Page 3 
79 Ohio St.3d 46, 48; In re Murray (1990), 52 Ohio St.3d 155, 157; In re Day (Feb. 15, 2001), Franklin App. No. 00AP-1191.
 {¶ 5} Despite having almost four years to work with children services and to demonstrate that he was capable of providing a stable and nurturing environment for his three children, appellant has failed to do so. The record shows that he has never held a job for longer than one year, that he worked only three months in 2007, and only five days as of the PCC hearing date in 2008. (PCC Entry, at 1-2.) Moreover, appellant was never married to the children's mother, and he has failed to establish paternity. Id. at 2. Thus, appellant had no legally enforceable right to custody or visitation.
 {¶ 6} Addressing the first assignment of error, the father did not attend the hearing on the PCC motion. As a result, the only information before the trial court indicated that he had no stable residence and no regular employment. As a result, the trial court could only find that he had not demonstrated the ability to support or care for the children, despite the fact he had had over three years to address the problem which needed to be addressed if he were to have custody of these children.
 {¶ 7} The first assignment of error is overruled.
 {¶ 8} The second assignment of error overlaps with the first. The father did not demonstrate his ability to care for the children. Further, he had never taken the efforts necessary to be declared to be the natural father of the children. He was not married to the mother of the children at the time they were born and never pursued an action to have his parentage established.
 {¶ 9} Children services did make reasonable efforts to help the father address his problems, but to no avail. *Page 4 
 {¶ 10} The second assignment of error is overruled.
 {¶ 11} The attorney appointed to represent the father did the best which could be done under the circumstances. The responsibility to make the changes in lifestyles necessary to provide a home and income was the father's, not his counsel's. The fact the father had five different residences in a period of a few years and no stable employment or income made the outcome of the case almost a foregone conclusion.
 {¶ 12} The third assignment of error is overruled.
 {¶ 13} The case had been pending for a significant period of time when the final hearing went forward. No one knew why the father, who had been notified of the hearing date and time, was not present. The children needed to know their future. The trial judge had no way of knowing if the father would appear for future hearing dates, so the trial judge was well within his discretion to refuse a continuance.
 {¶ 14} The fourth assignment of error is overruled.
 {¶ 15} The fifth assigned error concerns only the trial court's denial of the father's new trial motion. Thus, we review the record for evidence that the trial court abused its discretion in overruling the father's motion. See Malone v. Courtyard by Marriott L.P.,74 Ohio St.3d 440, 448, 1996-Ohio-311, 659 N.E.2d 1242. An abuse of discretion is more than an error in judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Poske v.Mergl (1959), 169 Ohio St. 70, 75, 157 N.E.2d 344.
 {¶ 16} New trials may be granted for any of the reasons stated in Civ. R. 59, most of which apply to jury trials (e.g., jury misconduct, excessive/inadequate damages, weight of the evidence, and irregularity in the proceedings). Forgetting a court date is not one of *Page 5 
those listed. The father's motion for new trial states that he was confused as to the date of the PCC hearing — that he thought the hearing was set for the following day. (Affidavit of father dated March 14, 2008, at ¶ 2.) Yet, on January 22, 2008, the father signed a motion for continuance, which clearly lists the date of the PCC hearing as March 13, 2008. Regardless of whether the PCC hearing was scheduled for March 13 (as it was), or March 14 (as the father now claims), the hearing must not have been a priority for the father because his attorney moved for leave to withdraw as counsel based on the father's unwillingness to assist counsel with his representation. (March 26, 2008 Permanent Custody Judgment Entry, at 1.) Thus, the father has failed to persuade us that a new trial was warranted, or would have affected the outcome of the case, not to mention that the trial court did not abuse its discretion in overruling the motion.
 {¶ 17} The fifth assigned error is overruled.
 {¶ 18} Having overruled all assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
FRENCH and BROGAN, JJ., concur.
BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1