{¶ 23} Based solely on the trial court record, I would concur with the majority and affirm the trial court's decision to grant to appellee permanent custody of the two children at issue here. However, in light of the change in circumstances respecting all three children, I respectfully dissent.
 {¶ 24} As noted, appellee sought permanent custody of all three children, and the cases involving each child were consolidated for purposes of trial. The court heard evidence that the children had lived together in one foster home since June 2004, that they were bonded to one another, and that there was a reasonable probability that the children could be placed into an adoptive family, presumably together. Specifically, the guardian ad litem testified that the son is "very close to his sisters" and that the daughter at issue here, W.A., is "extremely bonded" to their older sibling, R.L. (Apr. 26, 2006 Tr. at 134.)
 {¶ 25} As required by R.C. 2151.414(D), the court considered the interaction and interrelationship among the children as siblings. In its decision, the court found that the siblings are "[v]ery bonded with each other." The court issued a separate permanent custody judgment entry for each child.
 {¶ 26} Mother appealed all three judgments. However, while these appeals were pending, a notice problem with respect to the case involving the oldest child, R.L., apparently came to light. As a result of this notice problem, all parties agree that the trial court must rehear the case involving R.L., and a new trial has been scheduled. Upon appellant's motion, this court dismissed the appeal regarding custody of R.L. At oral argument, mother argued that this change in circumstances necessitates a remand of the cases involving the two younger children. I agree.
 {¶ 27} It is "well recognized that the right to raise a child is an `essential' and `basic' civil right." In re Hayes (1997),79 Ohio St.3d 46, 48, citing In re Murray (1990),52 Ohio St.3d 155, 157. "Permanent termination of parental rights has been described as `the family law equivalent of the death penalty in a criminal case.'" Hayes at 48, quoting In re Smith (1991),77 Ohio App.3d 1, 16. Accordingly, parents must receive every procedural and substantive protection the law permits. Id. "Because an award of permanent custody is the most drastic disposition available under the law, it is an alternative of last resort and is only justified when it is necessary for the welfare of the children." In re Swisher, Franklin App. No. 02AP-1408, 2003-Ohio-5446, at ¶ 26, citing In re Cunningham (1979),59 Ohio St.2d 100, 105.
 {¶ 28} R.C. 2151.414(D)(1) requires a trial court, in determining the best interest of a child, to consider all relevant factors, including the "interaction and interrelationship of the child with the child's * * * siblings[.]" Here, all parties agree that the children are bonded to one another, and the court took that bond into consideration in granting permanent custody of all three children.
 {¶ 29} While the court did not make an explicit finding that the children should or would be placed together, the court did hear evidence to that effect. On direct examination, the guardian ad litem acknowledged that there were no guarantees with respect to the siblings' adoption, if permanent custody were granted. But the guardian also expressed a concern for their adoption: "The concern I have solely for these children is that if they are to be adopted, they be adopted together, if at all possible." (Apr. 26, 2006 Tr. at 136.) She also stated: "My experience with children of that age is that the persons who meet their needs and if the children have a bonding with one another and are together, that makes an easier transition if — if they would have to be moved, then their bonding would be more likely to occur even in another home." (Apr. 26, 2006 Tr. at 136-137.)
 {¶ 30} In simple terms, while each child may have been assigned a separate case number, the court considered the children as a family. Given the evidence and conclusions regarding the significant bonding among the children and their need to remain together, any retrial of one sibling's case should necessarily include a retrial of the other two siblings' cases or, at least, a stay of further proceedings on these cases pending final outcome of R.L.'s case. Accordingly, based on this court's prior dismissal of mother's appeal regarding custody of R.L., and in recognition of a change in circumstances affecting all three children, I would remand these matters to the trial court.