[Cite as *In re M.B.*, 2013-Ohio-652.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

IN THE MATTER OF:

    M.B.,          CASE NO. 17-12-19

ADJUDGED ABUSED, NEGLECTED
AND DEPENDENT CHILD.

[FLOYD T. –         O P I N I O N
  APPELLANT].


Appeal from Shelby County Common Pleas Court
Juvenile Division
Trial Court No. 2011-ABU-0009

Judgment Reversed and Cause Remanded

Date of Decision: February 25, 2013


APPEARANCES:

    *James R. Gudgel* for Appellant

    *Jeffrey J. Beigel* for Appellee

**WILLAMOWSKI, J.**

{¶1} Father-Appellant Floyd T. ("Floyd") brings this appeal from the judgment of the Court of Common Pleas of Shelby County, Juvenile Division, terminating his parental rights. For the reasons set forth below, the judgment is reversed and the matter is remanded.

{¶2} On May 4, 2011, the Shelby County Department of Jobs and Family Services – Children Services Division ("the Agency") filed a complaint naming the minor child, M.B., and her parents. Said complaint appears to be based on abuse, neglect, and dependency. At that time, M.B. resided with her mother, Tammy M. ("Tammy"). A hearing was held and on June 13, 2011, the trial court determined that M.B. was an abused, neglected, and dependent child. Temporary custody of M.B. was granted to the Agency.[1] On February 8, 2012, the Agency filed a motion for permanent custody of M.B.[2] Tammy filed for legal custody of M.B. on March 28, 2012. A hearing on the outstanding motions was held on June 21, 2012. After the hearing, Floyd filed a motion for legal custody of M.B. on June 24, 2012. On July 24, 2012, the trial court entered judgment denying Tammy's and Floyd's respective motions for legal custody of M.B. The trial court then terminated the parental rights of Floyd, but did not terminate the parental rights of Tammy and therefore denied the Agency's motion for permanent

---

[1] The Agency was also granted temporary custody of M.B.'s minor sisters, T.M. and A.B.
[2] As of the date of the filing for permanent custody, T.M. had been permanently placed with her father and A.B. had been returned to the custody of Tammy.

custody. The temporary custody of M.B. was continued with the Agency and the caseplan was continued as to Tammy.[3] Floyd appeals from this judgment and raises the following assignments of error

**First Assignment of Error**

**The court abused its discretion in terminating [Floyd's] parental rights and maintaining [Tammy's] parental rights.**

**Second Assignment of Error**

**The court's decision when it found that it was in the best interest of the minor child to terminate [Floyd's] parental rights was against the manifest weight of the evidence.**

{¶3} The right to raise one's own child is a basic and essential civil right. *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169. "Parents have a 'fundamental liberty interest' in the care, custody, and management of their children." *In re Leveck*, 3d Dist. Nos. 5–02–52, 5–02–53, 5–02–54, 2003–Ohio–1269, ¶ 6. These rights may be terminated, however, under appropriate circumstances and when all due process safeguards have been followed. *Id.* When considering a motion to terminate parental rights, the trial court must comply with the statutory requirements set forth in R.C. 2151.414.

{¶4} In the first assignment of error, Floyd claims that the trial court erred by terminating Floyd's parental rights without terminating Tammy's parental rights. This court agrees with Floyd's premise that the trial court cannot award

---

[3] This court makes no determinations regarding the trial court's rulings as to Tammy. That portion of the case is not before this court.

permanent custody to the Agency while a parent still has parental rights. However, the trial court in this case did not award permanent custody to the Agency. The trial court continued the award of temporary custody that the Agency already had. The question before this court is whether the trial court may terminate the parental rights of one parent when denying the motion for permanent custody.

{¶5} This court has previously addressed this issue in *In re Matthews*, 3d Dist. Nos. 9-07-28, 9-07-29, 9-07-34, 2008-Ohio-276. In *Matthews*, the trial court terminated the rights of the mother of one child while denying the motion of the Marion County Children's Services Board for permanent custody of the child. The trial court continued the temporary custody with the agency.

> **Our research has not revealed any cases where a termination of parental rights occurred when one parent was granted placement and CSB's motion for permanent custody was denied. Neither the trial court nor the State has cited any statutory provisions or case law in support of the trial court's authority to terminate Matthews' parental rights in this situation. We conclude that the trial court was without authority to terminate Matthews' parental rights at this time.**
>
> **Two important premises require this conclusion. First the plain language of R.C. 2151.414(B)(1)(a), under which the trial court proceeded, does not provide for termination of parental rights when one parent is awarded placement and temporary care and custody remains with CSB. In addition, termination of parental rights is not necessary in this situation; and if not necessary, should not be ordered. *In re D.A.*, 113 Ohio St.3d 88, 2007-Ohio-1105 * * *, ¶11 ("The termination of parental rights should be an alternative of 'last resort.'").**

**Second, parents have a fundamental liberty interest in the care, custody, and management of their children.** *In re Murray*, **[52 Ohio St.3d 155, 157], * * *. To protect their fundamental liberty interest, "parents must be afforded every procedural and substantive protection the law allows." * * * R.C. 2151.414 is the substantive law that provides parents with the due process of law required to protect their fundamental interest. Thus, when the trial court failed to follow R.C. 21515.414(B)(1)(a) by ordering that Matthews' parental rights be terminated, it failed to provide her with the law's substantive protections and due process of law.**

*Matthews*, *supra* at ¶51-53 (citations omitted).

{¶6} In this case, like in *Matthews*, the motion for permanent custody was denied and temporary custody continued with the Agency. Since the Agency lacks permanent custody, the termination of one parent's rights without terminating the others is not necessary. It has no effect on the placement of the child. Termination of parental rights should not be ordered if it is not necessary. *In re D.A., supra*. Although the Agency argues that this case differs from *Matthews* because the child was not placed with Tammy, this argument is a distinction without a difference. The end result is that the motion for permanent custody was denied and there is no need at this point in time to terminate the rights of a parent. For this reason, the first assignment of error is sustained.

{¶7} Having found that the trial court erred in terminating the rights of Floyd while denying the motion of the Agency for permanent custody, the

questions raised by the second assignment of error are rendered moot.  Therefore, this court need not address the second assignment of error.

**{¶8}** The judgment of the Court of Common Pleas of Shelby County, Juvenile Division is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**