[Cite as *In re A.R.*, 2017-Ohio-5842.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In re A.R.                                                  Court of Appeals No. L-17-1066

                                                            Trial Court No. JC 16253028



                                                            **DECISION AND JUDGMENT**

                                                            Decided:  July 13, 2017

                                    * * * * *

Laurel A. Kendall, for appellant.

Jeremy G. Young, for appellee.

                                    * * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas, Juvenile Division, that terminated the parental rights of appellant mother and

granted permanent custody of her child A.R. to appellee Lucas County Children Services (LCCS). For the following reasons, the judgment of the trial court is affirmed.[1]

{¶ 2} On January 28, 2016, three days after A.R.'s birth, the agency received a referral alleging concerns regarding mother's past history with the agency, domestic violence, a lack of stable housing and concerns that mother smoked "K2" while pregnant with A.R.[2] The referral also indicated concerns related to mother having lost legal custody of her six older children. The following day, the agency filed a complaint in dependency and request for shelter care hearing. The trial court awarded interim temporary custody to the agency.

{¶ 3} On March 15, 2016, the trial court adjudicated A.R. a dependent child and awarded temporary custody to the agency. The trial court approved a case plan to provide the following services: domestic violence victim's services, dual diagnostic assessment, interactive parenting, stable housing and "Help Me Grow" services for the child.

{¶ 4} On November 3, 2016, the agency filed a motion for permanent custody, alleging concerns regarding an ongoing relationship between mother and father despite continued domestic violence between them; mother's failure to complete a mental health assessment; mother's failure to drop urine screens as requested; unsuccessful discharge

---

[1] A.R.'s father did not appear at the final hearing despite being served with notice. Father's parental rights were terminated, but he has not appealed the trial court's judgment.

[2] K2 is the street name for synthetic marijuana.

from her parenting program due to a lack of insight and need for constant redirection; a lack of stable and suitable housing and refusal to follow through with housing resources as suggested by the caseworker, and inconsistent participation in visitation with A.R. A pretrial was held on January 4, 2017, but mother did not appear. Final hearing on the motion was held on January 24, 2017. Mother was not present, although her attorney was, along with the attorney for LCCS, mother's caseworker and the child's guardian ad litem. The court found that the parties were properly served, summoned and notified.

{¶ 5} LCCS offered the testimony of Kristen Bell, mother's caseworker. Mother did not call any witnesses. Bell testified at length as to mother's failure to complete her case plan services. Mother claimed she completed domestic violence services, but Bell was unable to verify that claim and in fact received a report to the contrary. After mother stopped attending domestic violence classes, she told Bell that she needed help with domestic violence problems. However, mother failed to reengage in services despite Bell's encouragement. Bell testified that mother struggled to end her relationship with A.R.'s father and that mother attended meetings with Bell with black eyes on more than one occasion. Mother claimed she had moved out of father's house but Bell found that she was still there. Bell provided mother with information on local shelters as well as housing through LMHA and Sparrow's Nest. Although mother completed a drug assessment, she failed to complete a mental health assessment at Zepf as required.

3.

**{¶ 6}** Bell further testified that mother visited A.R. inconsistently. Out of 73 possible visits (twice weekly), mother attended 37. Also, mother disappeared for weeks at a time, which led Bell to cancel the visits on December 9, 2016.

**{¶ 7}** By judgment entry filed February 24, 2017, the trial court granted the agency's motion. In its judgment entry, the trial court found, by clear and convincing evidence, that A.R. could not be placed and should not be placed with either of the parents within a reasonable period of time, and that an award of permanent custody to LCCS was in the child's best interest. In support, the trial court found, pursuant to R.C. 2151.414(E)(1) that mother had failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home. The trial court found, pursuant to R.C. 2151.414(E)(4), that mother demonstrated a lack of commitment toward the child by failing to regularly support, visit or communicate with the child when able to do so. The court further found that mother last visited the child on October 14, 2016, and that no evidence was presented that mother had any contact or made any effort to contact her child. Pursuant to R.C. 2151.414(E)(10), the trial court found that both parents had abandoned the child, as they failed to have contact with A.R. for more than 90 days. R.C. 2151.011(C).

**{¶ 8}** The trial court further found that the guardian ad litem and caseworker both testified that permanent custody was in A.R.'s best interest. A.R. was doing well and bonded to her foster family, with whom she had lived her entire life, following release from the hospital. Finally, the trial court found that LCCS made reasonable efforts to

4.

avoid the continued removal of A.R. from the home and that when the agency's efforts failed, it identified an alternative permanent plan.

{¶ 9} Appellant mother sets forth two assignments of error:

I. The trial court erred by finding that Lucas County Children Services had made reasonable efforts to reunify the family when the child herein tested negative for all substances.

II. Appellant received ineffective assistance of counsel when she was notified of the final hearing the day after it occurred.

{¶ 10} In support of her first assignment of error, mother asserts that the facts underlying the child's removal were disputed and states that A.R. did not test positive at birth for illegal substances. Mother also offers several arguments that attempt to relitigate the adjudication, which constituted a final order and is not under review in this appeal. *See In re K.G.*, 7th Dist. Mahoning No. 09 MA 56, 2009-Ohio-6531, ¶ 28, citing *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), syllabus. Additionally, and most relevant to this appeal, mother did not offer any witnesses or other evidence in support of her case and her stated desire to retain custody of her child.

{¶ 11} Further, the record reflects that the trial court properly found that LCCS made extensive and reasonable efforts to reunify mother with A.R., as summarized above. Pursuant to R.C. 2151.419, a children services agency must make reasonable efforts to reunify a family prior to a termination of parental rights. "In a reasonable efforts determination, the issue is not whether the agency could have done more, but

5.

whether it did enough to satisfy the reasonableness standard under the statute." *In re A.B.*, 6th Dist. Lucas Nos. L-12-1069, L-12-1081, 2012-Ohio-4632, ¶ 25.

{¶ 12} The record in this case clearly shows that LCCS made reasonable efforts to reunify mother with her child. Mother's first assignment of error is not well-taken.

{¶ 13} In support of her second assignment of error, mother asserts that, due to ineffective assistance of counsel, she was not notified of the final hearing until the day after it occurred. The record in this case reveals otherwise. The trial court found at the outset of the final hearing that all parties had been served. At that time, the agency's attorney stated that both parents were served by posting. He further stated his understanding that mother knew of the motion but had sporadic contact with her attorney. That information was confirmed by mother's attorney. Additionally, the trial court's docket reflects that mother was served by publication on January 11, 2017, for the January 24, 2017 disposition hearing.

{¶ 14} Appellant mother did not receive ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and, accordingly, her second assignment of error is not well-taken.

{¶ 15} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Divison, is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
              JUDGE

Arlene Singer, J.
            _____
Thomas J. Osowik, J.       JUDGE
CONCUR.

            _____
              JUDGE