[Cite as *In re N.C.*, 2022-Ohio-4569.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

IN THE MATTER OF:

N.C., D.C., JR., AND C.C.,
DEPENDENT/NEGLECTED CHILDREN

CASE NOS. 2022-A-0015
              2022-A-0016
              2022-A-0017

Civil Appeal from the
Court of Common Pleas,
Juvenile Division


Trial Court Nos. 2019 JC 00016
                        2019 JC 00017
                        2019 JC 00018

**O P I N I O N**

Decided: December 19, 2022
Judgment: Affirmed

*Barbara J. Rogachefsky,* 1653 Merriman Road, Suite 104, Akron, OH 44313 (For Appellant).

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Jessica Fross*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Appellee).

*Joseph K. Palazzo,* Kurt Law Office, LLC, 4770 Beidler Road, Willoughby, OH 44094 (Guardian Ad Litem).


JOHN J. EKLUND, P.J.

{¶1} In this consolidated appeal, Appellant, father, appeals the juvenile court's judgment entry terminating the Ashtabula County Children Services Board's ("ACCSB") temporary custody of three of his children, and granting legal custody to third parties. Specifically, Appellant contends that the juvenile court erred by: 1) failing to provide him with counsel at the adjudication and disposition; 2) improperly serving him by publication;

and 3) granting legal custody to third party families after ACCSB did not provide reasonable reunification efforts.

{¶2} After a review of the record and applicable case law, we affirm the judgments of the Ashtabula County Court of Common Pleas, Juvenile Division. On Appellant's first assignment of error, his appeal is untimely because the May 2019 adjudication and disposition was a final appealable order and he had 30 days to appeal. Similarly on Appellant's second assignment of error, he is unable to raise insufficient service of process because he submitted to the court's jurisdiction when he failed to raise it on a subsequent motion to the juvenile court. On Appellant's third assignment of error, ACCSB did provide reasonable efforts to reunify Appellant with his children, but he failed to meet with ACCSB to discuss the reunification process and declined being added to the case plans.

{¶3} This case originated in February 2019 when ACCSB filed an emergency complaint for temporary custody of eight children from mother, who is not a party to this appeal. The court, ex parte, granted temporary custody to ACCSB. Shortly after in February 2019, Appellant, who is father to four of the children, became aware of ACCSB's involvement with his children.

{¶4} In March 2019, Appellant was personally served with the complaints and the ex parte order granting temporary custody to ACCSB. He then contacted ACCSB and spoke with a caseworker, Jennifer Adair. Appellant explained to Ms. Adair that he had not spoken to his children in three years, but would like custody of them considering the circumstances. Ms. Adair asked Appellant to come to the agency, so she could add

2

him to the children's case plans, but he arrived later than the scheduled time and they were unable to meet.

{¶5}   Appellant contacted Ms. Adair again in March 2019 and advised her that his home was not large enough for the children.   Ms. Adair planned another meeting with Appellant to add him to the case plans.   She advised him on the phone that the case plan would include showing that he could provide stable income and housing, and that he would be required to submit to mental health and substance abuse assessments. Appellant did not arrive at the meeting.

{¶6}   In April 2019, the court held an adjudication and disposition hearing. Appellant did not appear at the hearing, despite having been served notice of the hearing and the judgment entry by publication.   In May 2019, the court adopted the magistrate's decision which adjudicated the children as neglected and dependent and granted ACCSB temporary custody of the children.   In its May 2019 judgment entry, the court ordered Appellant to contact ACCSB to request reunification services.

{¶7}   In July 2019, Appellant contacted another ACCSB caseworker, Christina Church, and left her a message.   Ms. Church attempted to contact Appellant several times, but did not hear from him until he contacted her again in April 2020.   Appellant explained to Ms. Church that he had been incarcerated and unable to contact ACCSB. Ms. Church explained the reunification process to Appellant and advised him that he would need to be added to the case plans.   Ms. Church later testified that when she offered adding him to the case plans, Appellant stated that he did not want to be added to the case plans and that he "just wanted his children back."   Ms. Church advised him that he would then have to file for custody on his own in juvenile court.

3

{¶8} In April 2020, Appellant requested visitation with his children and Ms. Church offered to arrange visitation via ZOOM. However, Appellant explained that he would not be able to using ZOOM.

{¶9} In a February 2020 judgment entry, the court granted a motion to extend ACCSB's temporary custody of the children. Appellant was served notice of the hearing by publication and was personally served the judgment entry by regular mail.

{¶10} In April 2020, ACCSB moved to terminate its temporary custody of the children and to grant legal custody to third party families. In May 2020, Appellant filed a pro se motion for custody. The court heard all pending motions in February 2021. In its April 2021 decision, the magistrate recommended denying Appellant's motion for custody, terminating ACCSB's temporary custody, and granting legal custody to third party families. The judge adopted the magistrate's decision. Appellant timely objected. In its March 2022 judgment entry, the court affirmed adopting the magistrate's decision and overruled Appellant's objections.

{¶11} Appellant timely appeals the March 2022 judgment entry and raises three assignments of error.

{¶12} First assignment of error: "The Court committed reversible and plain error by failing to provide Appellant counsel for the Adjudication and Disposition."

{¶13} "An adjudication by a juvenile court that a child is 'neglected' or 'dependent' * * * followed by a disposition awarding temporary custody to a public children services agency * * * constitutes a 'final order' * * * and is appealable to the court of appeals * * *." *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), at syllabus.

4

Case Nos. 2022-A-0015, 2022-A-0016, 2022-A-0017

{¶14} Further, "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1).

{¶15} Here, Appellant is appealing the March 2022 judgment entry overruling his objections to the magistrate's decision, terminating ACCSB's temporary custody, and granting legal custody to third party families. However, Appellant's first assignment of error concerns the adjudication and disposition hearing that was finalized by a judgment entry in May 2019.

{¶16} The judgment entry adjudicating the children as neglected and dependent (which was followed by a disposition awarding temporary custody to ACCSB) was a final appealable order. Appellant had 30 days from the entry to appeal. *Id.*; App.R. 4(A)(1). Appellant did not. He cannot "backdoor" an untimely appeal by adding it as an argument in support of his appeal from the March 2022 judgment entry.

{¶17} Appellant's first assignment of error is untimely and we decline to consider it on the merits.

{¶18} Second assignment of error: "The Court committed reversible and plain error when it held a temporary custody hearing when Appellant had not been properly served prior to the hearing date."

{¶19} Appellant asserts that he received insufficient service by publication of notice of the juvenile court's hearing on ACCSB's motion to extend temporary custody.

{¶20} In *In re Jennifer L.*, Lucas App. No. L–97–1295, unreported, 1998 WL 230808, (May 1, 1998), the Sixth District held that arguments relating to personal jurisdiction or insufficiency of service of process in a hearing for temporary custody are

5

waived in a subsequent hearing for permanent custody if the "father was given timely personal service that notified him of the hearing on the motion filed * * * for permanent custody [and] he appeared in person and requested an attorney be appointed to represent him at the permanent custody hearing," and that attorney "did not make any assertions that as a result [of improper notice at the temporary custody hearing] the temporary custody order was void." *Id.* at *3; citing *In re Frinzl*, 152 Ohio St. 164, 172, 87 N.E.2d 583 (1949).

{¶21} Similarly here, Appellant was served with notice of the hearing on the motion to grant legal custody to third party families and appeared at the hearing with counsel present. Appellant's attorney did not make an assertion that as a result of improper notice at the temporary custody hearing, the temporary custody order was void. Therefore, Appellant waived any argument based upon insufficiency of service of process.

{¶22} Appellant's appeal is also untimely.

{¶23} "[A]n extension of a temporary custody order, issued subsequent to a finding of dependency, neglect, or abuse, is a final order." *In re Nice*, 141 Ohio App.3d 445, 452, 751 N.E.2d 552 (7th Dist. 2011). An appellant waives any argument concerning a court's extension of temporary custody by failing to appeal after the extension was ordered. *Id.*

{¶24} Appellant could have appealed within 30 days after being personally served the February 2020 judgment entry granting a motion to extend temporary custody, but did not. So, any possible appeal on service of process is untimely.

{¶25} Appellant's second assignment of error is without merit.

6

Case Nos. 2022-A-0015, 2022-A-0016, 2022-A-0017

{¶26} Third assignment of error: "The Court committed reversible and plain error when the Court granted legal custody of the children to third parties after ACCSB did not provide reasonable reunification efforts."

{¶27} Pursuant to R.C. 2151.419(A)(1), a child welfare agency must use "reasonable efforts to prevent the removal of the child[ren] from the child[ren]'s home, to eliminate the continued removal of the child[ren] from the child[ren]'s home, or to make it possible for the child[ren] to return safely home." Ohio courts have construed "reasonable efforts" to mean "'[t]he state's efforts to resolve the threat to the child[ren] before removing the child[ren] or to permit the child[ren] to return home after the threat is removed[.]'" *In re T.B.-W.*, 9th Dist. Summit No. 27544, 2015-Ohio-992, ¶ 15, quoting *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28, quoting Will L. Crossley, *Defining Reasonable Efforts: Demystifying the State's Burden Under Federal Child Protection Legislation*, 12 B.U.Pub.Int.L.J. 259, 260 (2003). "In a reasonable efforts determination, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute." *In re C.M.*, 9th Dist. Summit No. 24380, 2009-Ohio-943, ¶ 21.

{¶28} Appellant asserts that the court erred by granting legal custody to third party families because ACCSB failed to provide reasonable reunification efforts. Appellant argues that ACCSB did not provide reasonable reunification efforts because it did not include him in the case plans. However, Appellant admits in his brief that his case plan requirement was to "contact ACCSB and request reunification." When Appellant did contact ACCSB, Ms. Church explained the reunification process to him and advised him

7

that he would need to be added to the case plans. However, Appellant stated that he did not want to be added to the case plans.

{¶29} Appellant now argues that he was "never given a fair opportunity to participate in the process nor reunify with his children." The record shows otherwise. ACCSB attempted to meet with him multiple times between February 2019 and April 2020 to discuss adding him to the case plans to begin reunification efforts. On each occasion, Appellant failed to meet at the agreed upon time. Appellant once stated to Ms. Church that he did not want to be added to the case plan after she described to him what he would need to do to pursue reunification.

{¶30} The record shows that ACCSB made reasonable efforts to "make it possible for the child[ren] to return safely home," as required under R.C. 2151.419(A)(1). The record also shows that the only reason Appellant was not added to the case plans and the reunification process was because he did not want to be added and failed to meet with ACCSB to discuss the reunification process further.

{¶31} Appellant's third assignment of error is without merit.

{¶32} The judgments of the Ashtabula County Court of Common Pleas, Juvenile Division, are affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case Nos. 2022-A-0015, 2022-A-0016, 2022-A-0017